JOHN POWERS,[1] Respondent Below-Appellant,
v.
AMANDA WATERS, Petitioner Below-Appellee.
No. 246, 2008
Supreme Court of Delaware.
Submitted: November 21, 2008
Decided: January 12, 2009
Before HOLLAND, BERGER and JACOBS, JusticesN

ORDER
CAROLYN BERGER, Justice
This 12th day of January 2009, upon consideration of the opening brief on appeal and the record below,[2] it appears to the Court that:
(1) The respondent-appellant, John Powers ("Husband"), filed an appeal from the Family Court's April 17, 2008 order affirming the order of the Family Court Commissioner dated February 7, 2008, which granted the application of the petitioner-appellee, Amanda Waters ("Wife"), for an order of protection from abuse ("PFA order").[3] We find no merit to the appeal. Accordingly, we AFFIRM.
(2) The record reflects that, on January 31, 2008, Wife filed a petition for a PFA order. She requested that the order be issued on an ex parte basis, citing fear of harm to herself or her child. On that same date, a Family Court Commissioner issued an ex parte PFA order enjoining Husband from threatening or harassing Wife, preventing Husband from contacting Wife, and awarding temporary custody of the parties' minor child to Wife.[4] The order stated that a full hearing on the PFA petition would take place in the Family Court on February 7, 2008 at 9:00 a.m. At the time the PFA order was issued, Husband was incarcerated at the Sussex Correctional Institute ("SCI"). He was on work release during the day and was employed by his father.
(3) The PFA hearing transcript from February 7, 2008 reflects the following. Both Husband and Wife appeared at the hearing. Husband was brought to the hearing by Department of Correction ("DOC") personnel. Wife's father appeared as a witness on behalf of Wife. Prior to the hearing, the parties discussed a possible settlement of the PFA petition. Husband reported to the Commissioner that the settlement discussion was not successful for the sole reason that he would not voluntarily give Wife temporary custody of their minor child. Initially, Husband participated fully in the hearing. He had no objection to the admission of police reports documenting earlier instances of domestic violence and cross-examined Wife concerning her allegations of abuse, which included an incident of intimidation at Wal-Mart during the time Husband was on work release and harassment through letters written from prison. Husband also cross-examined Wife's father concerning an incident in which Husband allegedly followed Wife aggressively in his father's truck during the time he was on work release.
(4) It was not until the Commissioner asked Husband if he had any witnesses to present that Husband stated the following: "No, I'm not prepared for this and this is the first notice I've had . . . . I didn't understand that this was going to be what was going on." Husband then stated that he could prove, through his father, that he was not present during the time of "these supposed allegations." The Commissioner denied Husband's request to telephone his father to corroborate his story. In his subsequent testimony, Husband did not admit to engaging in abusive behavior, but did admit that he had encountered Wife at Wal-Mart and that he had sent her letters while he was incarcerated. He also testified that, on January 31, 2008, one week prior to the hearing (i.e. "[l]ast Thursday night"), he had been awakened by SCI personnel and told that an emergency no contact order had been issued.[5] Husband stated that he then was moved from SCI to the violation of probation ("VOP") Center, where he had remained until the hearing. Husband also stated that he intended to file for increased visitation with the parties' minor child, but would not do so until he was released from custody.
(5) Based upon the evidence presented, the Commissioner found by a preponderance of the evidence that Husband had committed an act or repeated acts of domestic violence against Wife and enjoined Husband from threatening or contacting Wife, ordered Husband to stay at least 100 yards from Wife, and awarded temporary custody of the parties' minor child to Wife.[6] Following the hearing, the Commissioner explained to Husband that the custody order was temporary and that he could file a petition for a permanent order regarding custody and visitation after the temporary order had expired.[7]
(6) In his appeal, Husband claims that the Family Court's failure to timely notify him of Wife's claims against him prevented him from preparing for the PFA hearing, resulting in a denial of due process. To the extent that Husband has not argued other grounds to support his appeal that were previously raised, those grounds are deemed to be waived and will not be addressed by this Court.[8]
(7) The Family Court reviews de novo those portions of a Commissioner's order to which objection is made and may accept, reject or modify the order in whole or in part, and may receive further evidence or remand the matter to the Commissioner with instructions.[9] This Court's review of appeals from the Family Court extends to a review of the facts and the law.[10] If the Family Court has applied the law correctly, the standard of review is abuse of discretion.[11]
(8) The hearing transcript reflects that Husband was aware of the no contact order one week prior to the hearing. Moreover, Husband engaged in pre-hearing settlement discussions with Wife. As such, he was on notice of the issues to be dealt with at the hearing, which were purely factual and uncomplicated. Moreover, Husband waived his claim that he did not have adequate time to prepare for the hearing by failing to make a timely objection and by fully participating in the hearing until the Commissioner asked him to present his evidence.[12] We conclude, under the circumstances of this case, that the Commissioner acted within her discretion in denying Husband's untimely objection to the hearing and his untimely request to contact his father. We further conclude that the Family Court neither erred nor abused its discretion when it adopted the findings of the Commissioner. Nor do we find any violation of Husband's due process rights.[13]
NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.
NOTES
[1] The Court sua sponte assigned pseudonyms to the parties by Order dated May 20, 2008. Supr. Ct. R. 7(d).
[2] After the appellee failed to file an answering brief, the Court ordered that the appeal would be decided solely on the basis of the opening brief and the Family Court record.
[3] Del. Code Ann. tit. 10, §§ 1041-1048.
[4] Del. Code Ann. tit. 10, § 1043.
[5] The Family Court's order states that the no contact order was sent to SCI on January 31, 2008. The Family Court docket reflects service of the order at SCI on February 6, 2008.
[6] Del. Code Ann. tit. 10, § 1045(a).
[7] Del. Code Ann. tit. 10, § 1045(b) and (e).
[8] Murphy v. State, 632 A.2d 1150, 1152 (Del. 1993). In his request for review of the commissioner's order filed in the Family Court, Husband also claimed that Wife improperly received advice from non-lawyers and that Wife and her witness perjured themselves at the hearing.
[9] Del. Code Ann. tit. 10, § 915(d) (1); Fam. Ct. Civ. Proc. R. 53.1(e).
[10] Wife (J.F.V.) v. Husband (O.W.V., Jr.), 402 A.2d 1202, 1204 (Del. 1979).
[11] Jones v. Lang, 591 A.2d 185, 186 (Del. 1991).
[12] Probst v. State, 547 A.2d 114, 119 (Del. 1988).
[13] Slawik v. State, 480 A.2d 636, 645 (Del. 1984) (citing Morrissey v. Brewer, 408 U.S. 471, 481 (1972)).