MARTIN FOUNTAIN, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 517, 2008
Supreme Court of Delaware.
Submitted: November 26, 2008
Decided: January 12, 2009
Before HOLLAND, BERGER and JACOBS, Justices

ORDER
CAROLYN BERGER, Justice
This 12th day of January 2009, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:
(1) The defendant-appellant, Martin Fountain, filed an appeal from the Superior Court's September 16, 2008 order denying his motion for postconviction relief pursuant to Superior Court Criminal Rule 61.[1] The plaintiff-appellee, the State of Delaware, has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit.[2] We agree and AFFIRM.
(2) In March 2003, Fountain was found guilty by a Superior Court jury of two counts of Delivery of Cocaine, two counts of Delivery of Cocaine Within 1,000 Feet of a School, two counts of Delivery of Cocaine Within 300 Feet of a Church, two counts of Possession of Drug Paraphernalia, and one count of Unauthorized Use of Food Stamps. He was sentenced to 103 years at Level V, to be suspended after 30 years and 9 months for decreasing levels of supervision. Fountain's convictions and sentences were affirmed by this Court on direct appeal.[3]
(3) In this appeal from the Superior Court's denial of his postconviction motion, Fountain claims that a) his counsel provided ineffective assistance; and b) his multiple convictions violate double jeopardy. To the extent that Fountain has not argued other grounds to support his appeal that were previously raised, those grounds are deemed to be waived and will not be addressed by this Court.[4]
(4) Fountain's first claim is that his counsel provided ineffective assistance. In order to prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that his counsel's representation fell below an objective standard of reasonableness and that, but for his counsel's unprofessional errors, there is a reasonable probability that the outcome of the proceedings would have been different.[5] Although not insurmountable, the Strickland standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable."[6]
(5) The basis of Fountain's ineffectiveness claim is that his attorney erred at trial by asking a question of a police witness that elicited testimony concerning Fountain's history of drug dealing. However, the evidence of Fountain's guilt presented at trial, which included a videotape of the drug transactions, was overwhelming. Thus, even assuming that his attorney erred by eliciting testimony that was detrimental to his case, Fountain has failed to demonstrate prejudice as a result of that error. Therefore, we conclude that Fountain's claim of ineffective assistance of counsel is without merit.
(6) Fountain's second claim is that his multiple convictions violate double jeopardy. The constitutional principle of double jeopardy protects a defendant against a) successive prosecutions; b) multiple charges under separate statutes requiring proof of the same factual elements; and c) multiple charges under the same statute.[7] Multiplicity occurs when a defendant is charged with more than one count of a single offense.[8]
(7) Because the State successfully proved at trial that Fountain formulated the intent to make, and did make, two separate and distinct cocaine deliveries, his present claim that he was improperly charged with, and convicted of, multiple offenses under the same statute is without a factual basis. We, therefore, conclude that Fountain's claim of a double jeopardy violation is without merit.
(8) It is manifest on the face of Fountain's opening brief that this appeal is without merit because the issues presented on appeal are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, there was no abuse of discretion.
NOW, THEREFORE, IT IS ORDERED that, pursuant to Supreme Court Rule 25(a), the State of Delaware's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.
NOTES
[1] The Superior Court adopted the report of the Commissioner, which recommended that the postconviction motion be denied. Del. Code Ann. tit. 10, § 512(b); Super. Ct. Crim. R. 62.
[2] Supr. Ct. R. 25(a).
[3] Fountain v. State, Del. Supr., No. 462, 2003, Berger, J. (Aug. 18, 2004).
[4] Murphy v. State, 632 A.2d 1150, 1152 (Del. 1993). In his postconviction motion in the Superior Court, Fountain also raised several claims of prosecutorial misconduct and abuse of judicial discretion.
[5] Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).
[6] Flamer v. State, 585 A.2d 736, 753 (Del. 1990).
[7] Williams v. State, 796 A.2d 1281, 1285 (Del. 2002) (citing Blockberger v. U.S., 284 U.S. 299 (1932)).
[8] Feddiman v. State, 558 A.2d 278, 288 (Del. 1989).