IN THE SUPREME COURT OF THE STATE OF DELAWARE

MARTIN E. FOUNTAIN,           §
                              § No. 201, 2014
    Defendant-Below,      §
    Appellant,            §
                              §
    v.                    § Court Below:  Superior Court
                              § of the State of Delaware,
STATE OF DELAWARE,            § in and for Kent County
                              § Cr. ID 0209005515
    Plaintiff-Below,      §
    Appellee.             §

Submitted:  June 10, 2014
Decided:  August 19, 2014
Revised:  August 26, 2014

Before **STRINE**, Chief Justice, **HOLLAND**, and **RIDGELY**, Justices.

## **O R D E R**

This 26th day of August 2014, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Martin Fountain, filed this appeal from the Superior Court's order, dated March 28, 2014, denying his motion for correction of sentence. The State filed a motion to affirm the judgment below on the ground that it is manifest on the face of Fountain's opening brief that his appeal is without merit. We agree and affirm.

(2)    A Superior Court jury convicted Fountain in March 2003 of nine criminal offenses, including two counts of Delivery of Cocaine under 16 *Del. C.* § 4751.  Fountain had been convicted before for an offense under Chapter 16.  At the time Fountain was convicted in March 2003, 16 *Del. C.* § 4763(a)(3) contained a provision enhancing the mandatory minimum sentence for violation of § 4751 for defendants who had previously been convicted of an offense under Chapter 16:

> In any prosecution for violation of § 4751 or 4761(a)(1) where a defendant has previously been convicted of any offense under this chapter … the minimum term of imprisonment shall be 30 years and the maximum term for such conviction shall be 99 years and 15 years of such minimum term shall be a mandatory minimum term of imprisonment and shall not be subject to suspension and no person shall be eligible for probation or parole during such portion of such minimum term.[1]

Subsection (d) of § 4751 itself also contained a provision increasing the mandatory minimum sentence under that section if the defendant was not an addict.[2]

(3)    Following a presentence investigation, the Superior Court sentenced Fountain to serve a total period of 103 years at Level V incarceration, to be suspended after serving thirty years and nine months in prison for decreasing levels of supervision.  This Court affirmed Fountain's convictions and sentences on direct

---

[1] 16 *Del. C.* 4763(a).
[2] 16 *Del. C.* 4751(d) (increasing the mandatory minimum sentence for a defendant determined to be a non-addict to 6 years for the first violation and 12 years for the second or subsequent violation of this section).

appeal.[3]  Thereafter, Fountain moved for postconviction relief, which the Superior Court denied.  We affirmed that denial on appeal.[4]  In September 2013, Fountain filed a motion for correction of illegal sentence under Superior Court Criminal Rule 35(a).  The Superior Court denied his motion.  This appeal followed.

(4)     We review the Superior Court's denial of a motion for correction of sentence under Rule 35(a) for abuse of discretion, although questions of law are reviewed *de novo*.[5]  Relief under Rule 35(a) is available when the sentence imposed exceeds the statutorily authorized limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to substance, or is a sentence that the judgment of conviction did not authorize.[6]

(5)     In this case, Fountain argues that both of his 15-year mandatory minimum sentences for Delivery of Cocaine are illegal under *Alleyne v. United States*.[7]  In *Alleyne*, the United States Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is an element of the crime, not just a sentencing factor, and must be submitted to a jury and proven beyond a

---

[3] *Fountain v. State*, 2004 WL 1965196 (Del. Aug. 18, 2004).
[4] *Fountain v. State*, 2009 WL 189888 (Del. Jan. 12, 2009).
[5] *Williams v. State*, 2012 WL 4663065, *1 (Del. Oct. 2, 2012).
[6] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[7] 133 U.S. 2151 (2013).

reasonable doubt. Fountain's argument contains three parts. First, Fountain asserts that his sentence is illegal because the State was required to prove to a jury that he was a non-addict in order for him to receive a mandatory minimum sentence of 15 years for Delivery of Cocaine under § 4751(d). Because Fountain contends that proof of non-addiction is a fact that increases the statutory minimum penalty, he argues that under *Alleyne*, a jury was required to find him a non-addict. Second, Fountain contends that his sentence is also illegal under *Alleyne* because the State was required to prove to the jury that he had a prior conviction of an offense under Chapter 16 for him to receive a mandatory minimum sentence of 15 years under § 4763(a)(3). Finally, Fountain asserts that his case is not a simple enhanced sentencing based on a prior conviction. Instead, Fountain contends that § 4763(a)(3) so greatly increased the sentencing range for his offense, that his offense was reclassified *de facto* to a more serious level felony.

(6) We find no merit to these contentions. As to his initial argument, Fountain concedes that this Court previously held in *Campbell v. State*[8] that, for offenses committed on or before June 30, 2003,[9] the Delaware criminal statutes provided for two alternative sentencing enhancement schemes for any defendant

---

[8] 2004 WL 1535805 (Del. June 18, 2004).

[9] *See Seeney v. State*, 2004 WL 2297394, *1 n.3 (Del. Oct. 4, 2004) (holding that House Bill 210, which reduced the 15-year minimum mandatory prison term under § 4763(a)(3), applied only to offenses committed after June 30, 2003, the date the bill was passed, and was not retroactively applicable).

convicted under § 4751.[10] The State could either establish under § 4751(d) that the defendant was a non-addict *or* under § 4763(a)(3) the State could demonstrate that the defendant had been convicted of an offense under Chapter 16 for the second time.[11] Fountain was convicted and sentenced as a subsequent offender under § 4763(a)(3), which did not require proof that he was a non-addict. Fountain was not sentenced under § 4751(d), which hinges on non-addict status. Because his sentence did not turn in any way on whether he was a non-addict under § 4751(d), Fountain's argument is based on a factual error and has no merit. And, notwithstanding Fountain's argument to the contrary, we find no basis to overturn our decision in *Campbell*.

(7) Next, Fountain argues that his sentence is illegal because the State was required to prove his prior conviction to a jury. But, in *Apprendi v. New Jersey*, the United States Supreme Court specifically held that, "[o]*ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[12] Thus, we have held that, under *Apprendi*, a defendant's prior criminal record does not have to be submitted to a jury and proven beyond a

---

[10] *Campbell v. State*, 2004 WL 1535805, *1 (Del. June 18, 2004).
[11] *Id.*
[12] *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (emphasis added).

5

reasonable doubt.[13] *Apprendi* sensibly does not require a second jury to determine for itself that a defendant was previously convicted of an offense that increases the statutory maximum. Instead, the official record of that prior valid conviction is sufficient.

(8) Lastly, Fountain's attempt to distinguish *Apprendi* by contending that § 4763(a)(3) did not merely enhance his sentence based on his prior conviction but essentially changed the crime for which he was charged into a more serious level felony is unpersuasive. The increase in punishment level because of a prior offense does not change Fountain's convictions for Delivery of Cocaine into convictions for a different offense.[14] Rather, the prior conviction is solely a fact that increased the mandatory minimum sentence for Delivery of Cocaine. In any event, as indicated, *Apprendi* does not require a second jury to make a finding that Fountain had been convicted validly on a prior occasion.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[13] *Johnson v. State*, 2008 WL 5191835, *1 (Del. Dec. 11, 2008).
[14] *See Talley v. State*, 2003 WL 23104202, *2 (Del. Dec. 29, 2003) (rejecting defendant's contention that, under *Apprendi*, his prior conviction for DUI had to be proven to a jury because the fact of his prior conviction changed a misdemeanor offense into a felony).

6