IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| AUGUSTUS H. EVANS, | § | |
| | § | |
| Defendant Below, | § | No. 634, 2014 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for Sussex |
| | § | Cr. ID No. 0609011528A |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: December 22, 2014
Decided: January 14, 2015

Before **STRINE**, Chief Justice, **HOLLAND**, and **VALIHURA**, Justices.

## ORDER

This 14th day of January 2015, upon consideration of the appellant August H. Evans' opening brief, the appellee's motion to affirm,[1] and the record below, it appears to the Court that:

(1) The appellant, Augustus H. Evans, filed this appeal from the Superior Court's October 31, 2014 order summarily dismissing his fourth motion for postconviction relief. The State of Delaware has moved to affirm the Superior

---

[1] Evans' request for leave to respond to the motion to affirm is denied. Under Supreme Court Rule 25(a), no response to a motion to affirm is permitted unless requested by the Court. The Court did not request a response to the motion to affirm and finds no good cause to permit a response in this case.

Court's judgment on the ground that it is manifest on the face of Evans' opening brief that the appeal is without merit.[2] We agree and affirm.

(2)   The record reflects that, in July 2007, a Superior Court jury found Evans guilty of two counts of Possession of a Firearm During the Commission of a Felony, Assault in the Second Degree, Aggravated Menacing, and Resisting Arrest. On direct appeal, we affirmed Evans' convictions and sentence.[3] We also affirmed the Superior Court's denial of Evans' first, second, and third motions for postconviction relief.[4]

(3)   On October 28, 2014, Evans filed his fourth motion for postconviction relief. Evans claimed that the Superior Court erred in denying his request for a jury instruction on Menacing as a lesser included offense of Aggravated Menacing, the indictment did not cure pre-indictment errors, he was entitled to a *Franks*[5] hearing, and he was the victim of an illegal seizure. The Superior Court summarily dismissed the motion in an order dated October 31, 2014. This appeal followed.

---

[2] Supr. Ct. R. 25(a).

[3] *Evans v. State*, 2009 WL 367728 (Del. Feb. 13, 2009).

[4] *Evans v. State*, 2014 WL 4104785 (Del. Aug. 19, 2014); *Evans v. State*, 2013 WL 5614265 (Del. Oct. 10, 2013); *Evans v. State*, 2009 WL 3656085 (Del. Nov 4, 2009).

[5] *Franks v. Delaware*, 438 U.S. 154 (1978).

(4)    We review the Superior Court's denial of postconviction relief for abuse of discretion and questions of law *de novo*.[6] The procedural requirements of Superior Court Criminal Rule 61 ("Rule 61") must be considered before any substantive issues are addressed.[7] In his opening brief, Evans only presents arguments in support of his contention that he was entitled to a jury instruction on Menacing as a lesser included offense of Aggravated Menacing. Evans does not argue the merits of the other claims he raised in the Superior Court and therefore those claims are waived.[8]

(5)    To overcome the procedural bars of Rule 61(i), Evans claims that the denial of his request for a jury instruction on a lesser included offense constitutes a miscarriage of justice under Rule 61(i)(5). Evans overlooks recent amendments to Rule 61. Effective June 4, 2014, Rule 61(d) provided:

> (2) *Second or subsequent postconviction motions.* A second or subsequent motion under this rule shall be summarily dismissed, unless the movant was convicted after a trial and the motion either:
>
> (i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or
>
> (ii) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United

---

[6] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

[7] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[8] Del. Supr. Ct. R. 14(b)(vi)(A)(3); *Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993).

3

States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.[9]

This was Evans' fourth postconviction motion and he failed to plead with particularity a claim under either Rule 61(d)(2)(i) or Rule 61(d)(2)(ii). Thus, the Superior Court did not err in summarily dismissing Evans' fourth motion for postconviction relief.

(6) Finally, we note that Evans disregarded this Court's warning in its August 19, 2014 order affirming the Superior Court's denial of his third motion for postconviction relief. As stated in the August 19, 2014 order:

> We have now concluded for a third time that the Superior Court has properly found that Evans' claims do not present grounds for relief from his judgment of convictions by the court. Each time we have invested considerable time to detail our reasons. In the future, if Evans files additional petitions, we do not intend to continue to invest scarce judicial resources in addressing Evans' repetitive claims. We also encourage Evans to be mindful of subsection (j) of Rule 61.[10]

Despite this warning, Evans filed another repetitive motion for postconviction relief. If Evans continues to file appeals from the denial of repetitive and meritless claims regarding his 1997 convictions, he risks being enjoined from filing such appeals in this Court without first seeking leave of the Court.[11]

---

[9] Super. Ct. R. 61(d)(2) (2014).

[10] *Evans v. State*, 2014 WL 4104785, at *2 (Del. Aug. 19, 2014).

[11] *E.g.*, *Biggins v. State*, 2011 WL 2731214, at *1 (Del. July 11, 2011); *Epperson v. State*, 2006 WL 1547975, at *1 (Del. June 5, 2006).

4

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice