IN THE SUPREME COURT OF THE STATE OF DELAWARE

MARK C. BOWIE,                          §
                                        §
   Defendant Below,                     §  No. 244, 2015
Appellant,                              §
                                        §
   v.                                   §
                                        §  Court Below—Superior Court
STATE OF DELAWARE,                      §  of the State of Delaware,
                                        §  in and for Kent County
   Plaintiff Below,                     §  Cr. ID No. 0705016049
Appellee.                               §
                                        §

Submitted:  June 8, 2015[1]
Decided:    July 14, 2015

Before **HOLLAND**, and **VALIHURA**, and **VAUGHN**, Justices.

**O R D E R**

This 14th day of July 2015, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Mark C. Bowie, filed this appeal from the Superior Court's denial of his sixth motion for modification of sentence.  The State of Delaware has filed a motion to affirm the judgment below on the ground that it is

---

[1] The motion to affirm was filed on May 26, 2015, but the record was filed on June 8, 2015.

manifest on the face of Bowie's opening brief that this appeal is without merit.[2] We agree and affirm.

(2)  In June 2007, Bowie pled guilty to Rape in the Second Degree. Bowie was sentenced to twenty-five years of Level V incarceration, suspended after ten years for six months of Level IV Halfway House or Home Confinement, followed by eighteen months of Level III probation.  Bowie did not appeal the Superior Court's judgment.

(3)  On May 1, 2015, Bowie filed his sixth motion for modification of sentence.  Bowie sought transfer of his probation sentence to Maine where his family lived and modification of his Level IV Halfway House time to Level IV Home Confinement.  Bowie contended that modification of his Level IV time was necessary because the Department of Veterans Affairs had determined he was 100% disabled and it would constitute cruel and unusual punishment for him to work due to pins in his shoulder.  Bowie attached a letter from the Department of Veterans Affairs reflecting the disability decision.

(4)  The Superior Court denied Bowie's motion for modification of sentence because it was filed more than ninety days after sentencing, Bowie had not demonstrated extraordinary circumstances, and the motion was repetitive.  This appeal followed.

---

[2] Supr. Ct. R. 25(a).

(5)     On appeal, Bowie argues that the Superior Court erred in denying his motion to modify his Level IV Halfway House time to Level IV Home Confinement.  Bowie contends that work release through his Level IV Halfway House time constitutes cruel and unusual punishment because the Department of Veterans Affairs has determined that he is 100% disabled and he has pins in his shoulder.  Because Bowie's opening brief does not contain any argument regarding transfer of his probation to Maine, that claim is deemed to be waived.[3]

(6)     This Court reviews the Superior Court's denial of a motion for modification of sentence for abuse of discretion.[4]  Under Superior Court Criminal Rule 35(b), the Superior Court will consider a motion for reduction or modification of sentence filed more than ninety days after sentencing only in extraordinary circumstances or pursuant to 11 *Del. C.* § 4217.  Superior Court Criminal Rule 35(b) also provides that the Superior Court will not consider repetitive requests for sentence modification.

(7)     The Superior Court did not err in denying Bowie's motion for sentence modification.  Bowie filed the motion more than ninety days after imposition of his sentence and has not shown extraordinary circumstances warranting modification of his sentence.  There is no indication Bowie has begun

---

[3] *Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993).

[4] *Wallace v. State*, 2014 WL 707168, at *1 (Del. Feb. 17, 2014).

serving his Level IV time or is being required to perform work that he is physically incapable of performing. Bowie's motion for sentence modification was also repetitive and the Department of Correction has not filed an application pursuant to 11 *Del. C.* § 4217.

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Karen L. Valihura
Justice

4