IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HAROLD C. BISSOON, | § | |
| | § | No. 316, 2015 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for New Castle County |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1212011142 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: September 17, 2015
Decided: December 7, 2015

Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices.

**O R D E R**

This 7th day of December 2015, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the Superior Court record, it appears to the Court that:

(1) The appellant, Harold C. Bissoon, filed this appeal from the Superior Court's denial of his first motion for postconviction relief. The State has filed a motion to affirm the Superior Court judgment on the ground that it is manifest on the face of Bissoon's opening brief that the appeal is without merit. We agree and affirm.

(2) The record reflects that Bissoon and a co-defendant were arrested on December 17, 2012 in connection with a robbery of a Wendy's restaurant

in Newark, Delaware on December 16, 2012. On February 4, 2013, Bissoon was indicted on four counts of Robbery in the First Degree and one count each of Possession of a Firearm during the Commission of a Felony, Possession of a Firearm by a Person Prohibited, Wearing a Disguise during the Commission of a Felony, and Conspiracy in the Second Degree.

(3) On October 28, 2013, Bissoon pled guilty to two of the four counts of Robbery in the First Degree and to the single count of Conspiracy in the Second Degree. In exchange for Bissoon's guilty plea, the State agreed to dismiss the other charges in the indictment, to recommend no more than eighteen years of incarceration, and to forego seeking Bissoon's sentencing as a habitual offender.

(4) On January 31, 2014, following a presentence investigation, the Superior Court sentenced Bissoon to a total of thirty-two years at Level V suspended after fifteen years for decreasing levels of supervision. Bissoon did not appeal his convictions or sentence. He did, however, filed a motion for reduction of sentence in March 2014. The Superior Court's denial of the sentence reduction motion was affirmed on appeal.[1]

---

[1] *Bissoon v. State*, 2014 WL 4104783 (Del. Aug. 19, 2014).

(5) On August 14, 2014, Bissoon filed a timely motion for postconviction relief. In one of several claims raised in the motion, Bissoon contended that, during the plea negotiations, his defense counsel failed to recognize that the State lacked evidence to prove that he was guilty of more than one count of robbery. According to Bissoon, because of this alleged lack of evidence, the second count of robbery in the plea agreement should have been reduced to aggravated menacing.

(6) The Superior Court referred Bissoon's postconviction motion to a Commissioner for further proceedings. At the direction of the Commissioner, the State filed a response to the motion, and Bissoon's defense counsel filed an affidavit responding to the allegations of ineffective assistance of counsel. The State opposed the motion, arguing that the claims for relief were without merit or were waived by the guilty plea. Defense counsel strongly denied that his representation of Bissoon was ineffective.

(7) On March 23, 2015, the Commissioner issued a report recommending that Bissoon's motion for postconviction relief should be denied.[2] Bissoon filed objections to the Commissioner's report. Upon *de*

---

[2] *State v. Bissoon*, 2015 WL 1566863 (Del. Super. Comm'r Mar. 23, 2015).

*novo* review, the Superior Court issued an order adopting the Commissioner's report and denying the postconviction motion. This appeal followed.

(8) In his opening brief on appeal, Bissoon argues only one of the claims that he raised in his postconviction motion.[3] Bissoon argues that his defense counsel's failure to negotiate a more favorable plea agreement constituted ineffective assistance of counsel. When denying the motion for postconviction relief, the Superior Court concluded that the ineffective counsel claim was without merit. This Court reviews the denial of postconviction relief for abuse of discretion and questions of law *de novo*.[4]

(9) To prevail on a claim of ineffective assistance of counsel in the context of a guilty plea, a defendant must demonstrate that his counsel's conduct fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for his counsel's errors, the defendant would not have pled guilty but would have insisted on going to trial.[5] In this case, having carefully considered the parties' positions on appeal and the Superior

---

[3] Bissoon's failure to brief his other claims for postconviction relief constitutes a waiver of the claims on appeal. Del. Supr. Ct. R. 14(b)(vi)(A)(3). *Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993).

[4] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

[5] *Albury v. State,* 551 A.2d 53, 58-60 (Del. 1988) (citing *Hill v. Lockhart*, 474 U.S. 52, 58-60 (1985)).

Court record, the Court concludes that Bissoon's claim of ineffective assistance of counsel is without merit.

(10)  Bissoon has not established that his defense counsel's conduct fell below an objective standard of reasonableness during the plea negotiations.  Also, the record does not reflect a reasonable probability that, but for his counsel's alleged errors, Bissoon would have insisted on going to trial.  Bissoon received a significant benefit from the plea agreement negotiated by his defense counsel, including convictions on only two of the four robbery charges in the indictment, the dismissal of five charges including two counts of robbery and two weapon offenses, and the State's agreement not to seek an enhanced sentence.  Under these circumstances, it is not surprising that Bissoon does not contend that, but for his defense counsel's failure to obtain a more favorable plea offer, he would not have pleaded guilty but would have insisted on going to trial.

(11)  To the extent Bissoon argues that the plea agreement should be changed because the State allegedly lacked evidence to convict him of an offense in the agreement, his argument is unavailing.  A valid guilty plea waives any right to challenge the strength of the State's evidence.[6]  In his

---

[6] *Brown v. State*, 108 A.3d 1201, 1202 (Del. 2015).

5

signed guilty plea form dated October 28, 2013, Bissoon indicated that he was freely and voluntarily pleading guilty to two counts of robbery and one count of conspiracy, and that he was satisfied with his defense counsel's representation. Absent clear and convincing evidence to the contrary, Bissoon is bound by those representations.[7]

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED, and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Randy J. Holland*
Justice

---

[7] *Palmer v. State*, 2002 WL 31546531 (Del. Nov. 13, 2002) (citing *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997)).

6