IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARKEZ J. GARRISON, | § | |
| | § | No. 298, 2015 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for Sussex County |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID Nos. 1401008669 |
| | § | 0903025373 |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: October 1, 2015
Decided: December 11, 2015

Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices.

**O R D E R**

This 11th day of December 2015, upon careful consideration of the appellant's

brief under Supreme Court Rule 26(c), his attorney's motion to withdraw, and the

State's response, it appears to the Court that:

(1)    In February 2014, the appellant, Markez J. Garrison, was indicted on

charges of Drug Dealing plus Aggravator, Criminal Impersonation, and Possession

of Drug Paraphernalia. Garrison was advised that if he was convicted, the State

intended to have him declared and sentenced as a habitual offender.

(2)    On March 21, 2014, Garrison pled guilty to Drug Dealing plus

Aggravator. In exchange for the guilty plea, the State agreed to dismiss the other

charges in the indictment and to forego seeking Garrison's sentencing as a habitual

offender. The Superior Court sentenced Garrison to fifteen years at Level V suspended after six years and successful completion of the Key Program for decreasing levels of supervision.

(3) On April 21, 2014, Garrison filed a motion for postconviction relief under Superior Court Criminal Rule 61. Garrison alleged that his guilty plea was involuntary due to the ineffective assistance of his defense counsel. Garrison contended that his defense counsel was ineffective when negotiating the plea agreement, and that his counsel failed to investigate Garrison's history of substance abuse and failed to suppress Garrison's incriminating admissions to the police.

(4) The Superior Court appointed counsel to represent Garrison and directed counsel (hereinafter "Postconviction Counsel") to file amendments to the postconviction motion, if necessary. Postconviction Counsel submitted a letter indicating that amendments to the postconviction motion were not necessary. Garrison's defense counsel then filed an affidavit in response to the claims of ineffective assistance of counsel raised by Garrison, and the State filed a response opposing the postconviction motion. Defense counsel denied that his representation of Garrison was ineffective.

(5) By order dated May 18, 2015, the Superior Court denied Garrison's motion for postconviction relief on the basis that his claim of ineffective assistance of counsel was without merit. This appeal followed.

(6) On appeal, Postconviction Counsel has filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Postconviction Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues.

(7) Postconviction Counsel states that he provided Garrison with a copy of the motion to withdraw, the Rule 26(c) brief, and a letter explaining that Garrison had a right to submit written points for the Court's consideration. Postconviction Counsel further states that when he did not receive a written response from Garrison, he had a meeting with Garrison by video conference. According to Postconviction Counsel, during the video conference, Garrison asked Postconviction Counsel to submit one claim for the Court's consideration, namely that at the time he entered into the plea agreement, Garrison did not know the extent of problems in the Office of the Chief Medical Examiner. The State has responded to the position taken by Postconviction Counsel and the claim asserted by Garrison through Postconviction Counsel and has moved to affirm the Superior Court's judgment.[1]

(8) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must be satisfied that the appellant's counsel has made

---

[1] Garrison's failure to reassert the claims he raised in his postconviction motion constitutes a waiver of those claims on appeal. *See Walker v. State*, 2014 WL 7010825, at *1 (Del. Dec. 4, 2014) (citing *Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993)).

3

a conscientious examination of the record and the law for arguable claims.[2]  The Court must also conduct its own review of the record and determine whether "the appeal is indeed so frivolous that it may be decided without an adversary presentation."[3]  On appeal from the denial of postconviction relief, we review the Superior Court's order for abuse of discretion and questions of law *de novo*.[4]

(9)    Postconviction Counsel represents that Garrison would like the Court to consider that, at the time he entered into the plea agreement, he did not know the extent of problems in the Office of the Chief Medical Examiner.  Because Garrison did *not* raise the claim in his motion for postconviction relief,[5] our review is limited to plain error.[6]

(10)    Under plain error review, Garrison's claim is without merit.  Garrison does not contend that, had he known of the extent of problems in the Office of Chief Medical Examiner, he would not have pled guilty to Drug Dealing plus Aggravator

---

[2] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

[3] *Penson v. Ohio*, 488 U.S. at 81.

[4] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

[5] Postconviction Counsel indicates otherwise in the Rule 26(c) brief.

[6] *Stanley v. State*, 2015 WL 3545413, at *3 (Del. June 4, 2015) ("Plain error is 'limited to material defects which are apparent on the face of the record; which are basic, serious, and fundamental in their character, and which clearly deprive an accused of a substantial right, or which clearly show manifest injustice.'" (quoting *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986))).

4

or that he was not, in fact, in possession of illegal narcotics.[7] In his signed guilty plea form dated March 21, 2014, Garrison indicated that he was freely and voluntarily pleading guilty to Drug Dealing plus Aggravator and that he was satisfied with his defense counsel's representation. Absent clear and convincing evidence to the contrary, Garrison is bound by those representations.[8]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

_____
Justice

---

[7] *Aricidiacono v. State*, __ A.3d __, 2015 WL 5933984 (Del. Oct. 12, 2015) (citing *Ira Brown v. State*, 108 A.3d 1201 (Del. 2015); *Anzara Brown v. State*, 117 A.3d 568 (Del. 2015); *Brewer v. State*, 2015 WL 4606541 (Del. July 30, 2015)).

[8] *Palmer v. State*, 2002 WL 31546531 (Del. Nov. 13, 2002) (citing *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997)).