IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| NATHAN MCNEIL, | § |
| | § |
| Defendant Below, | § No. 696, 2015 |
| Appellant, | § |
| | § |
| | § Court Below—Superior Court |
| v. | § of the State of Delaware |
| | § |
| STATE OF DELAWARE, | § Cr. ID No. 1302010193 |
| | § |
| Plaintiff Below, | § |
| Appellee. | § |

Submitted: July 15, 2016
Decided: September 20, 2016

Before **STRINE**, Chief Justice; **HOLLAND**, and **VALIHURA**, Justices.

## O R D E R

This 20th day of September 2016, upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1)     The appellant, Nathan McNeil, pled guilty to Murder in the Second Degree, as a lesser included offense of Murder in the First Degree, and Possession of a Firearm During the Commission of a Felony ("PFDCF"). McNeil appeals the Superior Court's denial of his first motion for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61"). We find no merit to McNeil's appeal and affirm the Superior Court's judgment.

(2)     The record reflects that, in April 2013, McNeil was charged by indictment with Murder in the First Degree, Possession of a Firearm or Firearm

Ammunition by a Person Prohibited, Assault in the Second Degree, five counts of Reckless Endangering in the First Degree, and seven counts of PFDCF. The charges arose from a drive-by shooting on February 1, 2013.

(3) On March 18, 2014, after five days of trial, McNeil pled guilty to Murder in the Second Degree, as a lesser included offense of Murder in the First Degree, and PFDCF. As part of the plea agreement, the State agreed to enter a *nolle prosequi* on the other charges in the indictment, to recommend non-suspended Level V time of twenty-five years, and to enter a *nolle prosequi* on a pending charge against McNeil's wife for Hindering Prosecution. McNeil was sentenced as follows: (i) for Murder in the Second Degree, thirty years of Level V incarceration, suspended after twenty years for decreasing levels of supervision; and (ii) for PFDCF, five years of Level V incarceration. McNeil did not appeal the Superior Court's judgment.

(4) On October 8, 2014, McNeil filed his first motion for postconviction relief under Superior Court Criminal Rule 61. In this motion, McNeil argued: (i) his attorneys were ineffective because they failed to file a motion to suppress the ballistic evidence; (ii) his attorneys were ineffective because they allowed McNeil to plead guilty to Murder in the Second Degree instead of Manslaughter; (iii) his attorneys were ineffective because they allowed him to plead guilty to Murder in the Second Degree and PFDCF; (iv) his attorneys were ineffective because the plea agreement was greater than the parties' verbal agreement; and (v) the Superior Court

2

abused its discretion in sentencing him to more than twenty years of Level V incarceration as he was promised. McNeil also submitted an affidavit describing his discussions with his attorneys about the State's offer to dismiss a Hindering Prosecution charge against his wife.

(5) After the postconviction motion was assigned to a Superior Court commissioner, McNeil sought appointment of counsel, which the Commissioner denied, and added a claim that his guilty plea was involuntary due to prosecutorial misconduct and ineffective assistance of counsel. McNeil's trial counsel submitted affidavits in response to McNeil's allegations. The State responded to the motion. McNeil responded to the affidavits and the State's opposition to his motion.

(6) In a report and recommendation dated August 24, 2015, the Commissioner recommended denial of McNeil's motion for postconviction relief. McNeil filed objections to the report. McNeil also filed a motion to amend his postconviction motion, which the Superior Court denied. In an order dated November 23, 2015, the Superior Court adopted the report and recommendation of the Commissioner and denied McNeil's motion for postconviction relief. This appeal followed. On appeal, the Superior Court denied McNeil's motion for transcripts at State expense.

(7) On appeal, McNeil argues that the Superior Court erred in denying his motion for postconviction relief because he was coerced into pleading guilty by the

3

arrest of his wife for Hindering Prosecution without probable cause and his attorneys' ineffective assistance in failing to investigate his wife's arrest. McNeil also argues that the Superior Court erred in denying his motion for transcripts at State expense. McNeil does not raise any of the other arguments he made in the Superior Court proceedings and has therefore waived consideration of those claims.[1]

(8) This Court reviews the Superior Court's denial of postconviction relief for abuse of discretion and questions of law *de novo*.[2] The Court must consider the procedural requirements of Rule 61 before addressing any substantive issues.[3] Because McNeil did not file a motion to withdraw his guilty plea or a direct appeal, his claim that he was coerced into pleading guilty by the State's arrest of his wife without probable cause is subject to Rule 61(i)(3). Rule 61(i)(3) provides that "[a]ny ground for relief that was not asserted in the proceedings leading to the judgment of conviction…is thereafter barred, unless the movant shows…[c]ause for relief from the procedural default and…[p]rejudice from violation of the movant's rights."[4] To

---

[1] Supr. Ct. R. 14(b)(vi)(A)(3) ("The merits of any argument that is not raised in the body of the opening brief shall be deemed waived and will not be considered by the Court on appeal."); *Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993) (holding failure to raise a legal issue in the text of the opening brief generally constitutes a waiver of that claim on appeal).

[2] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

[3] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[4] Super. Ct. Crim. R. 61(i)(3). A movant may also overcome the Rule 61(i)(3) procedural bar by pleading a claim that the Superior Court lacked jurisdiction, there is new evidence creating a strong inference that the movant is actually innocent, or a new rule of retroactive, constitutional law renders the conviction invalid. Superior Ct. Crim. R. 61(i)(5); Super. Ct. Crim. R. 61(d)(2). McNeil does not attempt to invoke these exceptions to Rule 61(i)(3).

establish cause, the movant must demonstrate that an external impediment prevented him from raising the claim earlier.[5] To establish prejudice, the movant must show actual prejudice resulting from the alleged error.[6]

(9) We construe McNeil's contention that his counsel was ineffective for failing to investigate his wife's arrest as an attempt to establish cause and prejudice under Rule 61(i)(3). To support a claim of ineffective assistance of counsel, McNeil must demonstrate that: (a) his counsel's conduct fell below an objective standard of reasonableness; and (b) there is a reasonable probability that, but for his counsel's errors, he would not have pled guilty but would have insisted on going to trial.[7] A defendant asserting a claim of ineffective assistance must make concrete allegations of cause and actual prejudice to substantiate a claim of ineffective assistance of counsel.[8] Although not insurmountable, there is a strong presumption that counsel's representation was professionally reasonable.[9]

(10) There is no indication in the record that McNeil's attorneys represented his wife. As counsel to McNeil, counsel owed their duties to McNeil, not his wife. Even assuming McNeil's counsel had a duty to investigate the arrest of McNeil's wife to advise McNeil on the State's plea offer, McNeil has not shown that his

---

[5] *Younger*, 580 A.2d at 556.
[6] *Id.*
[7] *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Albury v. State*, 551 A.2d 53, 59 (Del. 1988).
[8] *Younger*, 580 A.2d at 556.
[9] *Albury*, 551 A.2d at 59.

counsel's conduct was unreasonable or that he would have insisted on proceeding to trial.

(11) McNeil's wife was arrested for Hindering Prosecution. A person is guilty of Hindering Prosecution when "with intent to prevent, hinder or delay the discovery or apprehension of, or the lodging of a criminal charge against, a person whom the person accused of hindering prosecution knows has committed acts constituting a crime, or is being sought by law-enforcement officers for the commission of a crime, the person accused of hindering prosecution" prevents anyone from performing an act which might aid in the discovery or apprehension of the person or in the lodging of a criminal charge against the person by means of force, intimidation, or deception.[10]

(12) The police reports that McNeil relies upon reflect that McNeil's wife first told the police on February 14, 2013 that McNeil's car, which was the suspected vehicle used in the drive-by shooting on February 1, 2013, was sold to a dealership and then said the car was sold to an unknown friend of McNeil's three weeks earlier. The person who had the car told the police that McNeil and his wife had dropped the car off with him on February 2, 2013. There is no indication that the police lacked probable cause to arrest McNeil's wife for Hindering Prosecution. McNeil has not

---

[10] 11 *Del. C.* § 1244(a)(4).

shown that his counsel's conduct with respect to wife's arrest was professionally unreasonable.

(13) McNeil also fails to show that he would have insisted on proceeding to trial if his counsel had investigated his wife's arrest. McNeil's attorneys indicated in their affidavits that the arrest of McNeil's wife was not the basis for the defense seeking a plea or the basis for the State's plea offer. The affidavits of counsel are consistent with the fact McNeil avoided the risk of a mandatory life imprisonment sentence by pleading guilty.

(14) McNeil's Truth-in-Sentencing Guilty Plea Form and guilty plea colloquy also contradict his contention that he was coerced into pleading guilty by his wife's arrest. In the Truth-in-Sentencing Guilty Plea Form, McNeil indicated that he freely and voluntarily decided to plead guilty, no one, including his counsel and the State, forced him to plead guilty, and he understood he was waiving certain constitutional rights. During the guilty plea colloquy, McNeil affirmed that no one forced him to enter into the plea agreement, he understood that the Superior Court was not bound by the State's sentencing recommendation, he was guilty of Murder in the Second Degree and PFDCF, and he was satisfied with his counsel's representation. Absent clear and convincing evidence to the contrary, which he has not identified, McNeil is bound by his representations during the guilty plea colloquy and in the Truth-in-Sentencing Guilty Plea Form.

7

(15) As set forth above, McNeil has failed to show that his counsel was ineffective and failed to overcome the procedural bar of Rule 61(i)(3) as to his claim that he was coerced into pleading guilty by the arrest of his wife. The Superior Court did not err in denying McNeil's motion for postconviction relief.

(16) We also conclude that the Superior Court did not err in denying McNeil's request for transcripts at State expense. Absent a showing of good cause, it was within the Superior Court's discretion to deny McNeil's request for transcripts at State expense.[11] The Superior Court did not err in concluding that McNeil was not entitled to transcripts at State expense based on his claim that he needed the transcripts to prove the facts in his opening brief on appeal and to show he was not lying.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice

---

[11] *Miller v. State*, 2008 WL 623236, at *2 (Del. Mar. 7, 2008) (citing *United States v. MacCollom*, 426 U.S. 317, 325–26 (1976)).