IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LEROY SHELLEY, | § | |
| | § | |
| Defendant Below- | § | No. 136, 2017 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 9804001318 (N) |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: May 8, 2017
Decided: June 21, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## O R D E R

This 21st day of June 2017, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Leroy Shelley, filed this appeal from a Superior Court order dated March 7, 2017, denying his motion for modification of sentence. The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Shelley's opening brief that his appeal is without merit. We agree and affirm.

(2) A Superior Court jury convicted Shelley in November 2007 of multiple criminal offenses, including first degree robbery and kidnapping.[1] The Superior Court sentenced him to a total period of twenty-four and a half years at Level V incarceration, to be suspended after serving eighteen and a half years in prison for decreasing levels of supervision. Shelley did not appeal.

(3) Since that time, he has filed several unsuccessful motions for postconviction relief. In February 2017, Shelley filed a motion for modification of his sentence, arguing that he was illegally sentenced as a habitual offender in Pennsylvania, that his Delaware sentence should run concurrently with the sentence he already served in Pennsylvania, that he should receive thirteen months credit for time served and good time credit, and that he has been rehabilitated. The Superior Court denied Shelley's motion because it was untimely under Rule 35(b) and because his motion stated insufficient grounds for a modification of sentence. Shelley appealed.

(4) In his opening brief on appeal, Shelley's only argument for review is whether the Superior Court erred in failing to credit him with thirty-five days that he served from December 2, 2016 to January 6, 2017, while he was awaiting extradition from Pennsylvania back to Delaware. However, Shelley did not raise this claim in the motion he filed in the Superior Court. We will not consider it for

---

[1] Shelley had been indicted for his crimes in Delaware in 1998, but he was extradited back to Pennsylvania to finish serving a sentence there. The State reindicted Shelley in 2007.

the first time on appeal.[2] Moreover, having failed to brief the arguments that he raised below, Shelly has waived any right to further review of those claims.[3]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[2] Del. Supr. Ct. R. 8.
[3] *Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993).