IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LATEEF A. DICKERSON, | § | |
| | § | No. 109, 2018 |
| Defendant Below-Appellant, | § | |
| | § | |
| | § | |
| v. | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. N1408008905 |
| Plaintiff Below-Appellee. | § | |
| | § | |

Submitted: August 24, 2018
Decided: October 11, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## O R D E R

Upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1)    The defendant-appellant, Lateef Dickerson, appeals the Superior Court's denial of his first motion for postconviction relief. We find no merit to the appeal. Thus, we affirm the Superior Court's judgment.

(2)    The record reflects that Dickerson pled guilty in April 2016 to one count each of Possession of a Firearm by a Person Prohibited, Receiving a Stolen Firearm, and Conspiracy in the Second Degree. In accordance with the parties' plea agreement, the Superior Court granted the State's motion to declare Dickerson a habitual offender and sentenced him to a total period of seventeen

years at Level V incarceration to be suspended after serving ten years in prison for two years at Level III probation. Dickerson did not file a direct appeal. In October 2016, Dickerson filed a motion for postconviction relief under Superior Court Criminal Rule 61. After receiving trial counsel's affidavit, additional briefing, and transcripts from the guilty plea and sentencing hearings, a Superior Court Commissioner issued a report, recommending that Dickerson's motion be denied.[1] After review, the Superior Court adopted the Commissioner's recommendation and denied Dickerson's motion.[2] This appeal followed.

(3) In his opening brief on appeal, Dickerson argues that the Superior Court erred in denying his Rule 61 motion without first holding an evidentiary hearing to determine whether his guilty plea was entered knowingly, intelligently, and voluntarily. Dickerson contends that the plea was the result of coercion by his counsel, who told him that he would receive a life sentence if he did not accept the plea.[3] He asserts that the Superior Court failed to address this argument.

(4) Dickerson is incorrect. The Commissioner's report carefully reviewed Dickerson's plea colloquy and concluded that Dickerson had "provided no basis to deviate from the [Superior] Court's decision to accept the plea" as

---

[1] *State v. Dickerson*, 2018 WL 565302 (Del. Super. Jan. 23, 2018).
[2] *State v. Dickerson*, Cr. ID No. N1408008905 (Del. Super. Feb. 20, 2018).
[3] To the extent that Dickerson raised additional claims in the motion that he filed in the Superior Court, those claims are deemed to be waived for his failure to argue them in his opening brief on appeal. *Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993).

2

knowing, intelligently, and voluntarily made.[4] The Commissioner expressly concluded that Dickerson's argument that his "plea was coerced in any way is belied by the record."[5] We agree with that conclusion and find no merit to the argument that Dickerson's trial counsel was ineffective and coerced him into pleading guilty.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:


*/s/ Karen L. Valihura*
Justice

---

[4] *State v. Dickerson*, 2018 WL 565302, *2.
[5] *Id*. at *3.