**Mark MURPHY, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted: Oct. 16, 1993.
Decided: Nov. 5, 1993.
Rehearing Denied Nov. 22, 1993.

Raymond M. Radulski, Asst. Public Defender, Wilmington, for appellant.

Andrea M. Maybee, Dept. of Justice, Wilmington, for appellee.

Before MOORE, WALSH and HOLLAND, JJ.

HOLLAND, Justice.

The defendant-appellant, Mark Murphy ("Murphy"), was convicted of Possession With Intent to Deliver Cocaine and Use of a Vehicle for Keeping Controlled Substances. 16 *Del.C.* §§ 4716 and 4755(a)(5). Murphy was sentenced to five years of incarceration for the possession offense, followed by two years of probation for the vehicular use offense. This is Murphy's direct appeal.

Murphy has raised two claims of error. First, he contends that the Superior Court erroneously denied his pretrial Motion to Suppress the introduction of certain evidence. Second, Murphy contends that the Superior Court abused its discretion in admitting evidence for which, he alleges, the State did not establish an adequate chain of custody. After careful consideration, we have concluded that both of Murphy's claims are without merit.

*Facts*

At approximately 9:45 p.m. on December 20, 1991, Delaware State Police Trooper Vincent Fiscella ("Fiscella") observed Murphy drive into the rear parking lot of Clemente's Bus Station ("Clemente's") on Route 13 in New Castle County. At the time, Fiscella was conducting a surveillance of Clemente's parking lot from the adjacent parking lot of Delaware State Police Troop 2. Fiscella testified that he recognized Murphy from a prior investigation.

Fiscella observed Murphy get out of his car and enter the bar at the rear of Clemente's building. Approximately five minutes later, he left the bar. Murphy appeared to scan Clemente's parking lot, while walking around that building in what Fiscella described as a suspicious manner. Murphy then approached his car, put the key into the trunk lock, and began to look about in what Fiscella characterized as a "very cautious" manner. When Fiscella saw this, he walked into Clemente's parking lot.

Fiscella approached Murphy and stood directly behind him, approximately one arm's length away. Unaware of Fiscella's presence, Murphy opened the trunk, reached in, and removed three small packages from the trunk's left side lining. Fiscella immediately realized that the packages contained vials normally used to sell crack cocaine. Fiscella then placed his hand on Murphy's shoulder and said, "Hello, Mark." Murphy "jumped," shoved the packages back into the trunk lining, and tried to close the trunk. Fiscella, however, placed his hand on the lid of the trunk and prevented it from closing.

According to Fiscella, he then asked Murphy what he was doing. Murphy replied, "Nothing, I'm clean." Fiscella testified that when he asked Murphy what was inside the trunk, Murphy responded, "Nothing, you can look." Fiscella reached into the trunk and removed the three small packages from the lining where he had seen Murphy conceal them. Fiscella found what appeared to be 30

vials of crack cocaine inside of the packages.[1] Fiscella arrested Murphy.

Murphy testified in his own defense. According to Murphy, he had gone to Clemente's that evening at the request of a former girlfriend, Virginia DiOrio ("DiOrio"). The automobile that Murphy drove to Clemente's was owned by Patricia Atkins ("Atkins"), his current girlfriend. Murphy testified that after looking for DiOrio in the bar, he returned to the parking lot, opened the trunk to check for a spare tire, and removed a bag of trash from the trunk. He also testified that after being confronted by Fiscella, he said that he was throwing out trash. Murphy denied having knowledge that there were drugs in Atkins' automobile. He also denied telling Fiscella that he could "look" inside of the trunk. According to Murphy, Fiscella simply opened the automobile's trunk, pulled back the lining, and found the three small packages containing the vials of crack cocaine.

*Motion to Suppress Issue Not Briefed is Waived on Appeal*

■ Murphy argues that the Superior Court erred, as a matter of law, in denying his Motion to Suppress the introduction of the crack cocaine into evidence. Murphy contends that Fiscella's search of the automobile's trunk violated his rights under the Fourth Amendment of the United States Constitution. U.S. Const. amend. IV. Murphy bases that contention on (1) an alleged absence of probable cause on the part of Fiscella to search the trunk; and (2) the inapplicability of the plain view exception to Fiscella's search.

Murphy's Fourth Amendment arguments are misdirected. The record reflects that the State offered and the Superior Court admitted the vials of crack cocaine into evidence based upon the legal theory that Murphy had *consented* to the search of the automobile's trunk by Fiscella. In denying Murphy's pretrial Motion to Suppress, the Superior Court stated:

---

1. The Medical Examiner's office later confirmed that each of the vials did in fact contain crack     cocaine.

With respect to the consent issue, I looked at the totality of the circumstances. I always consider the testimony on that issue, and in the context of the entire testimony on direct examination, the testimony was that the defendant said, quote "You can look", unquote. Granted during cross-examination there might have been some confusion raised in that the officer testified to the effect that, when asked the question, "At any time, did you request to search the truck", and while he said no, I—I think the officer may have understood that question to mean the entirety of the trunk or something further, but listening to [Fiscella's] testimony on direct examination, that the defendant [Murphy] said, "You can look, I'm clean", further words to that effect, and not finding that the sudden appearance of the police officer right behind his shoulder created anything more than a normal but startling, [sic] to some extent, event in one's life, I don't think that that event ... detracted or took away from the voluntariness of the consent, which I find under the totality of the circumstances to be knowing, voluntary and intelligent.

I also had the opportunity to observe the demeanor and credibility of the witnesses. I find the burden in this case should be borne by the State. I find that the State has met its burden of proof on all the issues, and accordingly, the [Superior] Court denies the defendant's Motion to Suppress the evidence.

■ The party appealing is generally entitled to frame the issues on appeal. The requirement that an appellant must raise and argue claims of error in the opening brief is founded on Supreme Court Rule 14. It provides that a brief must contain "[a] summary of argument, stating in separate numbered paragraphs *the legal propositions upon which each side relies,*" and that the body of the brief shall state "the merits of the argument." Supr.Ct.R. 14(b)(iv), (vi) (emphasis added).

■ The failure to raise a legal issue in the text [2] of the opening brief generally constitutes a waiver of that claim on appeal. *Stilwell v. Parsons,* Del.Supr., 145 A.2d 397, 402 (1958).[3] *Accord Preservation Coalition, Inc. v. Pierce,* 667 F.2d 851, 861–62 (9th Cir.1982). *See generally* 9 Moore's Federal Practice ¶ 228.02.[4] The Superior Court found that Murphy had voluntarily consented to the search of the automobile's trunk. In the text of the opening brief which was filed with this Court, Murphy has not disputed the Superior Court's factual finding that he voluntarily consented to Fiscella's search of the automobile's trunk. *See* Supr.Ct.R. 14(b). Any challenge to that finding, having been omitted from the text of Murphy's opening brief, has been waived.

■ The Superior Court's actual decision to deny Murphy's Motion to Suppress has not been properly challenged in the text of Murphy's opening brief as an issue in this appeal. The uncontradicted record reflects dispositive support of the consensual basis for the Superior Court's decision to deny Murphy's Motion to Suppress. *See Schneckloth v. Bustamonte,* 412 U.S. 218, 219, 93

---

2. The rules of this Court provide that footnotes shall not be used for argument and, *a fortiori,* should not be used to raise claims of error. Supr.Ct.R. 14(d). *Accord United States v. Restrepo,* 986 F.2d 1462 (2d Cir.1993).

3. *See also Black v. State,* Del.Supr., No. 532, 1992, Holland, J., at 2, 1993 WL 132989 (Apr. 13, 1993) (ORDER) (citing *Stilwell v. Parsons,* 145 A.2d at 402); *Nasir v. State,* Del.Supr., No. 421, 1988, Moore, J., at 2, 1989 WL 27781 (Mar. 1, 1989) (ORDER) (citing *Stilwell v. Parsons,* 145 A.2d at 402).

4. *Compare Simmons v. City of Philadelphia,* 947 F.2d 1042, 1065–66 (3d Cir.1991) (per Becker, J., with Sloviter, C.J., concurring in the judgment); *United States v. Berkowitz,* 927 F.2d 1376, 1391 (7th Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 141, 116 L.Ed.2d 108 (1991); *Knighten v. C.I.R.,* 702 F.2d 59, 60 n. 1 (5th Cir.), *cert. denied,* 464 U.S. 897, 104 S.Ct. 249, 78 L.Ed.2d 237 (1983); *Gebhard v. S.S. Hawaiian Legislator,* 425 F.2d 1303, 1306 (9th Cir.1970); *Smith v. American Guild of Variety Artists,* 368 F.2d 511, 514–15 (8th Cir.1966), *cert. denied,* 387 U.S. 931, 87 S.Ct. 2052, 18 L.Ed.2d 991 (1967); *Finsky v. Union Carbide & Carbon Corp.,* 249 F.2d 449, 459 (7th Cir.1957), *cert. denied,* 356 U.S. 957, 78 S.Ct. 993, 2 L.Ed.2d 1065 (1958).

S.Ct. 2041, 2043, 36 L.Ed.2d 854 (1973). Therefore, Murphy's Fourth Amendment arguments concerning either a lack of probable cause to search the trunk or the inapplicability of the plain view exception need not be addressed by this Court.[5]

### Chain of Custody

■ Murphy's second argument on appeal is that the Superior Court abused its discretion in admitting the vials of crack cocaine into evidence over his objection. According to Murphy, the State failed to prove a proper chain of custody. *See* D.R.E. 901(a); *Tricoche v. State*, Del.Supr., 525 A.2d 151, 152–53 (1987); *Whitfield v. State*, Del.Supr., 524 A.2d 13, 16–17 (1987). The record does not support Murphy's argument.

The record reflects that Fiscella testified concerning his personal handling, labeling, and sealing of the envelope containing the vials of crack cocaine. According to Fiscella, he stored the envelope in the evidence locker at Troop 6. Fiscella further testified that the only key to the evidence locker was stored in the sergeant's office.

A forensic toxicologist at the Medical Examiner's office, Dr. A. DasGupta ("DasGupta"), testified that he had analyzed the contents of the evidence envelope after its delivery to the office by Fiscella. DasGupta also described for the jury the procedures used by the Medical Examiner's office to prevent tampering with evidence. He testified that the evidence had not been tampered with prior to his analysis.

Upon completion of his work, DasGupta returned the material to the envelope and resealed it. Fiscella testified that he personally retrieved the envelope from the Medical Examiner's office. Other than the standard tape used by the examiner to reseal the envelope at one end, Fiscella testified, there were no indicia of tampering.

Murphy contends that the State's chain of custody was inadequate because the State failed to produce the Troop 6 evidence log book at trial. According to Murphy, in light of the nine month delay between the seizure and the chemical analysis, the log book was indispensable to establishing the custodial integrity of the Troop 6 evidence locker. Murphy relies upon this Court's decision in *Whitfield v. State*, Del.Supr., 524 A.2d 13 (1987), to support his contention that the evidence log book was essential to the State's proof of custodial integrity.

*Whitfield* is distinguishable from the case *sub judice*. In *Whitfield,* the evidence was "unaccounted-for for three and one-half months" because the police did not recover the weapon allegedly used in the robbery until that much time had elapsed. *Id.* at 17. In contrast, the present record reflects that Fiscella seized the crack cocaine vials at the scene of the alleged crime and immediately sealed them in a labeled envelope. The sealed envelope was stored in the Troop 6 evidence locker for nine months before Fiscella personally delivered it to the Medical Examiner's office for chemical analysis.

The test to be applied by a trial court in admitting an item into evidence over an objection challenging the chain of custody is whether there is a reasonable probability that the evidence offered has been properly identified and that no adulteration or tampering has occurred. *Tricoche v. State*, 525 A.2d at 153; *Whitfield v. State*, 524 A.2d at 16. The State bears the burden of establishing the reasonable probability of each proposition. *Tricoche v. State*, 525 A.2d at 153. *See also Tatman v. State*, Del.Supr., 314 A.2d 417, 418 (1973); *Clough v. State*, Del.Supr., 295 A.2d 729, 730 (1972). In this case, the State presented testimony from both Fiscella and DasGupta that the sealed evidence envelope had been locked in the proper place and that there had been no tampering. Therefore, the failure of the State to introduce the Troop 6 log book into evidence was not indispensable to its ability to authenticate the crack cocaine vials.

---

5. We note that if consent is given after an illegal search or seizure, the taint of the prior illegality has been held to invalidate the consent to a subsequent search. *See, e.g., Florida v. Royer*, 460 U.S. 491, 501, 103 S.Ct. 1319, 1326, 75 L.Ed.2d 229 (1983) (plurality opinion).

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

The Court has carefully reviewed the record. The record supports the Superior Court's finding that the crack cocaine evidence was in the custody of the police and the Medical Examiner's office for the entire period between the time of its seizure and Murphy's trial. Unlike *Whitfield,* there is no "paucity of evidential links" between the seizure of the evidence and its introduction at Murphy's trial. *See Whitfield v. State,* 524 A.2d at 17. The record reflects that the Superior Court did not abuse its discretion in admitting the vials of crack cocaine into evidence over Murphy's objection to the adequacy of the State's chain of custody.

### Conclusion

The judgments of the Superior Court are AFFIRMED.