RAPHUS ELEY, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 649, 2009.
Supreme Court of Delaware.
Submitted: February 2, 2010.
Decided: March 10, 2010.
Before HOLLAND, BERGER and JACOBS, Justices

ORDER
CAROLYN BERGER, Justice.
This 10th day of March 2010, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:
(1) The defendant-appellant, Raphus Eley, filed an appeal from the Superior Court's October 19, 2009 order denying his motion for correction of an illegal sentence pursuant to Superior Court Criminal Rule 35(a). The plaintiff-appellee, the State of Delaware, has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit.[1] We agree and affirm.
(2) In October 1999, Eley was found guilty by a Superior Court jury of two counts of Burglary in the Third Degree, one count of Assault in the Third Degree, and two counts of Misdemeanor Theft. He was sentenced on each of the burglary convictions to 3 years incarceration at Level V, to be suspended for Level III probation after successful completion of the Key Program and a Level IV substance abuse program. He was sentenced on each of the remaining three convictions to 1 year at Level V, to be suspended for 1 year of Level II probation on the assault conviction and 2 years of Level I probation on the theft convictions. This Court affirmed Eley's convictions and sentences on direct appeal.[2]
(3) On November 15, 2002, Eley was found to have committed a violation of probation ("VOP"). The Superior Court modified Eley's VOP sentence on November 18, 2003. This Court affirmed the Superior Court's sentence modification.[3] On July 15, 2005, Eley again was found to have committed a VOP. His probation was revoked and he was re-sentenced to a total of 5 years at Level V, to be followed by 6 months of Level IV home confinement. This Court affirmed Eley's VOP sentence.[4]
(4) In February 2006, Eley filed a motion for correction of an illegal sentence, which the Superior Court denied. This Court affirmed the Superior Court's judgment.[5] In April 2007, Eley filed a petition for a writ of habeas corpus alleging a double jeopardy violation, which the Superior Court denied. Again, this Court affirmed the Superior Court's judgment.[6] Since that time, Eley has filed numerous motions for sentence modification.[7] In his latest motion, Eley claimed that his sentences are illegal because they exceed the statutory maximum. Eley now appeals from the Superior Court's denial of that motion.
(5) In his appeal, Eley claims that the Superior Court erred when it denied his motion for correction of an illegal sentence because a) his burglary and theft sentences violate double jeopardy; b) his sentences are ambiguous because the original sentencing order provided for consecutive, rather than concurrent, probationary sentences; and c) he has not received proper credit for the Level V time he has served on one of his burglary sentences.
(6) The record reflects that none of Eley's three claims was presented to the Superior Court in the first instance.[8] Moreover, Eley presents no argument that this Court should consider those claims for the first time in this appeal.[9] None of the claims has any merit in any case. Because the burglaries and thefts were found to be distinct and independent acts, and not one continuous course of conduct, there is no merit to his first claim of a double jeopardy violation.[10] As for Eley's second claim, his original sentence order dated December 10, 1999, which included consecutive periods of probation, predated the June 1, 2003 effective date of Del. Code Ann. tit. 11, §4333(c), which requires concurrent probationary periods. As such, the statute does not apply to Eley's original sentences[11] and provides no basis for a claim that those sentences are illegal or ambiguous. Eley's third claim is completely conclusory. In the absence of any evidence that the calculations in the Superior Court's February 12 and April 4, 2008 modified sentencing orders are incorrect, we conclude that this claim, too, is without merit.
(7) It is manifest on the face of the opening brief that this appeal is without merit because the issues presented on appeal are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, there was no abuse of discretion.
NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.
NOTES
[1] Supr. Ct. R. 25(a).
[2] Eley v. State, Del. Supr., No. 137, 2000, Steele, J. (Dec. 20, 2000).
[3] Eley v. State, Del. Supr., No. 576, 2003, Berger, J. (Mar. 17, 2004).
[4] Eley v. State, Del. Supr., No. 357, 2005, Holland, J. (Feb. 21, 2006).
[5] Eley v. State, Del. Supr., No. 151, 2006, Ridgely, J. (Sept. 26, 2006).
[6] Eley v. State, Del. Supr., No. 258, 2007, Berger, J. (Nov. 15, 2007).
[7] The record reflects that, on February 12, 2008 and on April 4, 2008, the Superior Court granted two of those motions, giving Eley credit for all Level V time he previously had served.
[8] Eley also is deemed to have waived the claim raised in the Superior Court that his sentences exceeded the statutory maximum, in the absence of any argument in support of that claim in this appeal. Murphy v. State, 632 A.2d 1150, 1152 (Del. 1993).
[9] Supr. Ct. R. 8.
[10] Feddiman v. State, 558 A.2d 278, 288-89 (Del. 1989).
[11] Del. Code Ann. tit. 11, §4333(j).