IN THE SUPREME COURT OF THE STATE OF DELAWARE

WILMER L. MILTON, JR., §
§ No. 110, 2016
  Defendant Below- §
  Appellant, §
§
v. § Court Below: Superior Court
§ of the State of Delaware
STATE OF DELAWARE, §
§ Cr. ID 1103018831
  Plaintiff Below- §
  Appellee. §

Submitted: July 22, 2016
Decided: September 27, 2016

Before **STRINE**, Chief Justice; **HOLLAND**, and **VALIHURA**, Justices.

## O R D E R

This 27th day of September 2016, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) The appellant, Wilmer Milton, filed this appeal from the Superior Court's denial of his first motion for postconviction relief. Milton's sole claim is that his counsel on direct appeal was constitutionally ineffective. We find no merit to Milton's appeal. Thus, we affirm the Superior Court's judgment.

(2) The record in this case reflects that a Superior Court jury convicted Milton in 2012 of Attempted Murder in the First Degree, Robbery in the First Degree, Burglary in the First Degree, Wearing a Disguise during the Commission of a Felony, Conspiracy in the Second Degree, and three counts of Possession of a

Firearm during the Commission of a Felony. The Superior Court sentenced Milton to life imprisonment plus a term of years. This Court affirmed Milton's convictions and sentences on direct appeal.[1]

(3) Milton filed his first motion for postconviction relief under Superior Court Criminal Rule 61 in September 2013. The Superior Court appointed postconviction counsel to represent him. The Superior Court also obtained affidavits from Milton's trial and appellate lawyers, responding to Milton's claims of ineffective assistance. After Milton's postconviction counsel withdrew because of a conflict, the Superior Court appointed substitute counsel. Substitute counsel filed a motion for a new trial. Ultimately, after a hearing, the Superior Court denied Milton's motions for a new trial and for postconviction relief under Rule 61 in a twenty-four page order dated February 24, 2016. This appeal followed.

(4) Milton raises only one issue in his opening brief on appeal.[2] He contends that the Superior Court violated his constitutional right to represent himself at trial and that his appellate counsel was ineffective for failing to raise this claim in Milton's direct appeal. The factual basis underlying Milton's claim is a *pro se* motion that he filed in November 2011, seeking to disqualify his trial

---

[1] *Milton v. State*, 2013 WL 2721883 (Del. June 11, 2013).

[2] The postconviction motion that Milton filed in the Superior Court contained thirteen claims. Milton has waived all of those claims on appeal except the sole argument that he raised in his opening brief. *Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993).

counsel.[3] He contends that the Superior Court failed to conduct a hearing on his motion in order to determine if Milton wanted to waive his right to counsel and exercise his right to self-representation. He argues that his appellate counsel was ineffective for failing to raise this on appeal.

(5)  In order to establish a claim of ineffective assistance of counsel, a defendant must prove that: (a) counsel's representation fell below an objective standard of reasonableness; and (b) there is a reasonable probability that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different.[4]

(6)  In *Faretta v. California*, the United States Supreme Court held that a defendant in a State criminal proceeding may proceed *pro se* if the defendant knowingly, intelligently, and voluntarily waives the right to counsel.[5] The trial court, however, is only required to hold a hearing on the defendant's exercise of

---

[3] In its entirety, Milton's "Motion for Disqualification of Counsel" stated:

> I feel as if [trial counsel] is draging [sic] his feet with my case by not filing motions upon my request such as (the motion for my Brady matiral [sic]) and (a motion for discovery). [Counsel] has provided me with "nothing" to properly prepair [sic] for trial, I have written to [counsel] seven times and he has responded only one time in writting [sic] to the first three times I've wrote to him.

> WHEREFORE, due to the foregoing reasons, the petitioner requests that this writ be granted and an order issued for his release.

[4] *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

[5] *Faretta v. California*, 422 U.S. 806, 826-32 (1975).

the right to self-representation *after* the defendant has "clearly and unequivocally" asserted that right.[6]

(7) In this case, Milton filed a motion seeking to disqualify his appointed counsel. The Superior Court responded by informing Milton that he could discharge his appointed counsel, but that new counsel would not be appointed to represent him unless appointed counsel informed the trial court that he had a conflict.[7] Milton's motion to disqualify his counsel did not "clearly and unequivocally" assert his right to self-representation. Moreover, after the Superior Court informed Milton that substitute counsel would not be appointed, Milton abandoned his efforts to discharge his trial counsel. Under these circumstances, the Superior Court did not err by failing to hold a *Faretta* hearing on whether Milton wished to waive his right to counsel and exercise his right to self-representation. Thus, his appellate counsel was not ineffective for failing to raise this baseless claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice

---

[6] *Morrison v. State*, 135 A.3d 69, 73 (Del. 2016).

[7] *State v. Milton*, Cr. ID 1103018831 (Del. Super. Nov. 18, 2011).