IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DESI R. SYKES, | § | |
| | § | No. 452, 2017 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 9510013360 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted:  December 27, 2017
Decided:     March 20, 2018

Before **VALIHURA**, **SEITZ**, and **TRAYNOR**, Justices.

**ORDER**

This 20th day of March 2018, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record on appeal, it appears to the Court that:

(1)    The appellant, Desi R. Sykes, filed this appeal from a Superior Court order dated October 10, 2017, denying his motion for postconviction relief under Superior Court Criminal Rule 61. The State has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Sykes' opening brief that the appeal is without merit. We agree and affirm the judgment below on the basis of and for the reasons assigned in a Commissioner's Report and

Recommendation dated September 15, 2017, which was adopted by the Superior Court.[1]

(2) Against the advice of his trial counsel, Sykes pleaded guilty in 1996 to attempted intentional murder in the first degree and all other offenses in an indictment brought against him for his assault of a correctional officer. The Superior Court sentenced Sykes to life in prison without parole and an additional 106 years of incarceration and further ordered that the sentence should interrupt a mandatory life sentence that Sykes was serving at the time for a murder he committed in 1988 when he was a juvenile.[2]

(3) In 2014 and 2016, Sykes filed a motion and an amended motion for postconviction relief challenging the validity of his 1996 guilty plea and sentence. Postconviction counsel was appointed for Sykes. After reviewing the record, counsel moved to withdraw on the basis that he could find no basis upon which to collaterally attack the guilty plea and sentence.

(4) On September 15, 2017, a Superior Court Commissioner issued a report recommending that Sykes' postconviction motion should be denied and that

---

[1] Commissioner's Report and Recommendation, *State v. Sykes*, 2017 WL 4122582 (Del. Super. Sept. 15, 2017), *adopted by State v. Sykes*, Cr. ID No. 9510013360 (Del. Super. Oct. 10, 2017).
[2] On June 3, 2014, the Superior Court vacated the mandatory life sentence in the juvenile murder case and resentenced Sykes, effective October 13, 1988, to thirty years of unsuspended Level V incarceration. *State v. Sykes*, Cr. ID No. 88K02989DI (Del. Super. June 3, 2014).

postconviction counsel's motion to withdraw should be granted.[3]  Sykes filed objections to the Commissioner's report and recommendation.  After de novo review of the record, the Superior Court issued its October 10, 2017 order adopting the Commissioner's report and recommendation and denying the motion for postconviction relief.

(5)    Sykes has raised two claims on appeal: first, that the Superior Court was without jurisdiction to accept his guilty plea to attempted murder; and second, that the court should have accepted his factual assertions that he had a conflict with his trial counsel during plea negotiations.[4]  Sykes finds support for his first claim in *Rambo v. State*, a 2007 decision where we held that that the Family Court erred when it essentially adjudicated Rambo delinquent for attempted felony murder, an unrecognized crime in Delaware.[5]  The *Rambo* decision has no bearing in this case.  Sykes pleaded guilty to attempted intentional murder in the first degree—an offense within the jurisdiction of the Superior Court.  As for Sykes' second claim, there were no plea negotiations in this case.  Against the advice of his trial counsel, Sykes pleaded guilty to the charges in the indictment.

---

[3] The Commissioner considered Sykes' postconviction motion as amended; his trial counsel's affidavit responding to allegations of ineffective assistance of counsel; the State's response to the claims for postconviction relief; Sykes' reply to the State's response; and the motion to withdraw filed by Sykes' postconviction counsel.

[4] To the extent Sykes has not briefed his other claims for postconviction relief, those claims are deemed waived and abandoned on appeal. *Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993).

[5] 939 A.2d 1275, 1280-81 (Del. 2007).

3

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice