IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LORETTA JACKSON, | § | |
| | § | |
| Plaintiff Below, | § | No. 359, 2018 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| JOSEPH BARLA, DELAWARE | § | C.A. No. N18C-05-282 |
| OFFICE OF ANIMAL WELFARE, | § | |
| DELAWARE DIVISION OF | § | |
| PUBLIC HEALTH, DELAWARE | § | |
| SOCIETY FOR THE | § | |
| PREVENTION OF CRUELTY TO | § | |
| ANIMALS, DELWARE SPCA, | § | |
| DELAWARE ANIMAL | § | |
| SERVICES, and DOES 1-100,[1] | § | |
| | § | |
| Defendants Below, | § | |
| Appellees. | § | |

Submitted: February 8, 2019
Decided: May 1, 2019

Before **STRINE,** Chief Justice; **VAUGHN** and **SEITZ**, Justices.

## **ORDER**

Upon consideration of the parties' briefs and the record on appeal, it appears

to the Court that:

---

[1] These are the defendants below-appellees listed in the notice of appeal. The defendants listed in the complaint are Joseph Barda, Delaware Division of Public Health Office of Animal Control, Delaware Animal Services, Delaware Society for the Prevention of Cruelty to Animals, Delaware SPCA, Delaware Animal Services, and Does 1 through 100.

(1)     The plaintiff below-appellant, Loretta Jackson, filed this notice of appeal from a Superior Court order dismissing her complaint after initial review because the Superior Court had previously dismissed her complaint alleging misconduct in the death of her dog in C.A. No. 16C-11-005.  After careful consideration of the parties' arguments, we affirm the Superior Court's judgment.

(2)     Both complaints arose from the death of Jackson's pet Rottweiler sometime after an animal welfare officer[2] came to her house on June 22, 2016.  On November 10, 2016, Jackson filed her first complaint against the Delaware Office of Animal Welfare and Joseph Barla.  Jackson alleged that Barla, an employee of the Delaware Office of Animal Welfare: (i) tied her dog to a storm drain; (ii) the dog suffered injuries; (iii) the dog was taken to a shelter on a pole with broken toe nails and was bleeding from the mouth; and (iv) the dog died as a result of Barla's negligence.  Jackson sought $75,000 and punitive damages.  The defendants filed a motion to dismiss, arguing that the complaint was barred by sovereign immunity and the State Tort Claims Act.  The defendants also argued that Jackson failed to perfect service under 10 *Del. C.* § 3103(c).

(3)     Jackson filed a motion to amend her complaint, which the Superior Court granted.  Jackson filed an amended complaint against the Delaware Office of

---

[2] In this appeal, Jackson refers to this officer as Joseph Barda and Joseph Barla.  The appellees have identified the officer as Matthew Barba.  There does not appear to be any dispute that this is the same animal welfare officer.

Animal Welfare and Matthew Barba. Jackson alleged that Barba, acting under the color of state law as an employee of the Delaware Office of Animal Welfare: (i) tied her dog to a storm drain and was rude to her 81-year-old mother; (ii) the dog suffered injuries; (iii) the dog was taken to a shelter on a pole with broken toe nails and was bleeding from the mouth; (iv) the dog died as a result of Barba's failure to exercise reasonable care and Jackson's mother died from undue stress; and (v) Jackson suffered mental anguish and undue stress. Jackson sought $75,000 in nominal damages from each defendant, $100,000 in compensatory damages from each defendant, and $100,000 in punitive damages from each defendant. The defendants filed another motion to dismiss.

(4) In an order dated September 14, 2017, the Superior Court granted the motion to dismiss. The Superior Court held that the complaint was barred by the State Tort Claims Act because Jackson failed to plead gross negligence with particularity.[3] Jackson filed a notice of appeal, which was dismissed after she failed to pay the Superior Court record preparation fee.[4]

(5) On May 31, 2018, Jackson filed a complaint against the Delaware Division of Public Health Office of Animal Control, Delaware Animal Services, Delaware Society for Prevention of Cruelty to Animals, Joseph Barda, Delaware

---

[3] *Jackson v. Delaware Office of Animal Welfare*, 2017 WL 4082756 (Del. Super. Ct. June 5, 2017).
[4] *Jackson v. Delaware Office of Animal Welfare*, 2018 WL 509341 (Del. Jan. 22, 2018).

SPCA, and Does 1-100. Jackson again alleged that Barda caused her dog and mother to die, but also alleged that Barda was an employee of the Delaware SPCA, a private contractor of the State. Jackson asserted claims for Gross and Culpable Negligence, Strict Liability for Abnormally Dangerous Activity, Cruelty to Animals in Violation of 11 *Del. C.* § 1325, Intentional and Negligent Infliction of Emotional Distress, Malicious Trespass, Abuse of Process, Wrongful Death of the Beloved Pet, Violation of Civil Rights, and Property Damages. She sought compensatory and punitive damages and an injunction barring Barda from working with animals. After initial review, the Superior Court dismissed the complaint on June 12, 2018. The Superior Court found that it plainly appeared from the face of the complaint that Jackson was not entitled to relief because the Superior Court had previously dismissed her action alleging misconduct in the death of her dog. Jackson filed this appeal on July 12, 2018.

(6) On appeal, Jackson filed an opening brief with the caption from her first Superior Court case against Barla and the Delaware Office of Animal Welfare and the Superior Court civil action numbers for her first and second cases. Jackson does not refer to the June 12, 2018 dismissal order on appeal. Instead, she challenges the September 14, 2017 order dismissing her first complaint. The time to challenge the

4

September 14, 2017 order has expired.[5]  Jackson timely appealed the September

order in 2017, but that appeal was dismissed  in January 2018.  She cannot revive

that appeal by appealing the dismissal of a subsequent complaint she brought against

what appears to be the same State animal welfare agency under different names and

a private entity or entities that she now claims to have employed the animal welfare

officer based on a 2014 document describing the entities responsible for animal

welfare at that time and before 2010.  At the time of the incident involving Jackson's

dog on June 22, 2016, the Office of Animal Welfare within the Department of Health

and Social Services was responsible for the enforcement of all animal cruelty laws.[6]

(7)     The appellant's failure to raise a legal issue in the text of the opening

brief generally constitutes a waiver of the claim on appeal.[7]  Even if Jackson did

challenge the June 12, 2018 dismissal order in her opening brief, the Superior Court

did not err in dismissing her second complaint arising from the death of her dog.  As

this Court has recognized,

> Under the doctrine of res judicata, a party is foreclosed from bringing a
> second suit based on the same cause of action after a judgment has been
> entered in a prior suit involving the same parties. Similarly, where a
> court or administrative agency has decided an issue of fact necessary to
> its decision, the doctrine of collateral estoppel precludes relitigation of

---

[5] Supr. Ct. R. 6(a)(i) (providing that appeal of civil judgment must be filed within 30 days of entry
of judgment upon the docket).
[6] 16 *Del. C.* § 3031F(a) (amended effective February 3, 2016).
[7] Supr. Ct. R. 14(b)(vi)(A)(iii); *Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993).

5

that issue in a subsequent suit or hearing concerning a different claim or cause of action involving a party to the first case.[8]

The Superior Court's judgment that the State Torts Claim Act barred Jackson's claims against the animal welfare officer and the Office of Animal Welfare is final. Jackson cannot relitigate that issue by naming different State agencies or claiming, without a good basis, that the animal welfare officer was not employed by the State as she originally alleged. Absent the new allegation that the Delaware SPCA employed and trained the animal welfare officer, which is barred by Jackson's previous allegations and the Superior Court's September 4, 2017 ruling, Jackson failed to state a basis for any claim against the Delaware Society for Prevention of the Cruelty to Animals, the Delaware SPCA, and Does 1-100. The Superior Court properly dismissed Jackson's second complaint arising from the death of her dog.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[8] *Betts v. Townsends, Inc.*, 765 A.2d 531, 535 (Del. 2000) (citations omitted).