IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOHN R. PURNELL III, (AS GUARDIAN AD LITEM FOR) BRENDA A. PURNELL, | § § § § | No. 67, 2021 |
| Plaintiff Below, Appellant, | § § § § § | Court Below—Superior Court of the State of Delaware C.A. No. N20C-09-167 |
| v. | § § | |
| LSF9 MASTER PARTICIPATION TRUST AND CALIBER HOME LOANS INC., | § § § § | |
| Defendants Below, Appellees. | § § § | |

Submitted: September 24, 2021
Decided: November 16, 2021

Before **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices.

### <u>ORDER</u>

Upon consideration of the parties' briefs and record below, it appears to the Court that:

(1)     The plaintiff below-appellant, John R. Purnell, III, as guardian *ad litem* for Brenda A. Purnell, filed this appeal from a Superior Court order granting the motion for judgment on the pleadings filed by defendants below-appellees, LSF9 Master Participation Trust ("LSF9")[1] and Caliber Home Loans, Inc. ("Caliber").  For

---

[1] The appellees identify this entity as U.S. Bank Trust, N.A. as trustee for LSF9 Master Participation Trust.

the reasons set forth below, we conclude that the Superior Court did not err in granting the motion for judgment on the pleadings. Accordingly, we affirm the Superior Court's judgment.

(2) Brenda Purnell and her husband had a mortgage with LSF9 for a property located in New Castle, Delaware ("the Property").[2] Caliber serviced the mortgage loan for LSF9. On June 13, 2016, LSF9 filed the Mortgage Action against Brenda Purnell. During that proceeding, the Superior Court appointed Purnell, Brenda Purnell's son, to act as her guardian *ad litem* under Superior Court Civil Rule 17(c).

(3) Purnell acted as landlord for the Property. He made repairs and additions to the Property. In April 2018, Purnell rented the Property to a tenant, who lived on the Property with his girlfriend. The Purnells did not reside on the Property.

(4) On April 12, 2018, the Superior Court granted LSF9's second motion for summary judgment in the Mortgage Action. On July 9, 2018, the Superior Court granted Purnell's motion to stay any sheriff's sale of the Property. In April 2019, the tenant and his girlfriend were evicted from the Property. After the tenant's arrest in May 2019, the girlfriend continued to reside on the Property.

---

[2] The facts are drawn from the pleadings, documents incorporated into and referred to in the pleadings, and the docket in the *in rem scire facias* mortgage foreclosure action LSF9 filed against Brenda Purnell in the Superior Court, C.A. No. N16L-06-051 ("the Mortgage Action") that Purnell referred to throughout his complaint.

(5)     On June 18, 2019, the Superior Court granted LSF9's motion to lift the stay of execution.  On July 11, 2019, a writ of *alias levari facias* issued.  On September 6, 2019, LSF9  filed the proof of mailing required by Superior Court Civil Rule 69(g).  On September 10, 2019, LSF9 purchased the Property at a sheriff's sale.  Purnell did not object to the sale or file a motion to set aside the sale.  He was unable to remove personal property and fixtures from the Property because he was locked out.

(6)     On September 17, 2020, Purnell filed a complaint against LFS9 and Caliber for leasehold interest, unlawful trespass, unlawful ouster and ejectment, real estate fixtures, and mortgage fraud.  After answering the complaint, the defendants filed a motion for judgment on the pleadings.  Purnell did not file a response but presented his opposition during the hearing on the motion.  The Superior Court granted the motion for judgment on the pleadings.  This appeal followed.

(7)     We review the trial court's grant of a motion for judgment on the pleadings *de novo*.[3]  Purnell argues, as he did below, that the defendants failed to obtain summary possession of the Property under Chapter 57 of Title 25 of the Delaware Code after the sheriff's sale and that therefore they unlawfully trespassed on the Property and unlawfully ousted the Purnells from the Property.  Purnell has

---

[3] *Chicago Bridge & Iron Co. N.V. v. Westinghouse Elec. Co. LLC*, 166 A.3d 912, 925 (Del. 2017).

3

waived appellate review of the other claims that he raised below, but did not argue, in his opening brief.[4]

(8) Having carefully considered the parties' arguments, we conclude that the Superior Court did not err in granting the defendants' motion for judgment on the pleadings on the trespass and ouster claims. LSF9 acquired equitable title in the Property at the sheriff's sale and perfected legal title when the sheriff executed and delivered the deed.[5] There is no basis for Purnell's contention that the defendants were required to obtain summary possession of the Property from them after the sheriff's sale. An action for summary possession under Chapter 57 may be maintained when a tenant takes or fails to take certain actions.[6] Chapter 57 did not apply here because the Purnells were not in possession of the Property or tenants of the Property at the time of the sheriff's sale. The defendants thus did not unlawfully trespass on the Property or unlawfully oust the Purnells from the Property after the sheriff's sale.

---

[4] Supr. Ct. R. 14(b)(vi)(A)(3) ("The merits of any argument that is not raised in the body of the opening brief shall be deemed waived and will not be considered by the Court on appeal."); *Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993) (recognizing that the failure to raise a legal issue in an opening brief generally constitutes a waiver).

[5] *In re Spencer*, 115 B.R. 471, 478-79 (Bankr. D. Del. 1990); Victor B. Woolley, Practice in Civil Actions and Proceedings in the Law Courts of the State of Delaware, § 1148 (1906).

[6] 25 *Del. C.* § 5702 (providing that summary possession action can be maintained when, among other things, the tenant unlawfully continues to possess the rental property, wrongfully fails to pay the rent, or is unlawfully ousted).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior

Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice