**SUPERIOR COURT**
OF THE
**STATE OF DELAWARE**

MEGHAN A. ADAMS
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801
(302) 255-0634

Date Submitted: October 12, 2022
Date Decided: October 18, 2022

Carl A. Wescott 8210 E. Via de la
Escuela Scottsdale, AZ 85258
carlwescott2020@gmail.com

David A. Dorey, Esq.
Adam V. Orlacchio, Esq.
Anna E. Currier, Esq.
Blank Rome, LLP
1201 N. Market Street, Suite 800
Wilmington, DE 19801

RE:  **Carl A. Wescott v. Bernard Moon, et al.,**
**C.A. No. N21C-06-197 MAA;**

**Carl A. Wescott v. SparkLabs Global Ventures Management, LLC,**
**C.A. No. N21C-06-198 MAA;**

**Carl A. Wescott v. Scott Sorochak and SparkLabs Foundry, Inc.,**
**C.A. No. N21C-06-199 MAA**

Dear Counsel and Mr. Wescott:

This Letter Opinion resolves Defendants' Motions to Dismiss in the above-captioned matters. The matters have been fully briefed, and the Court heard oral argument on the Motions. For the following reasons, the Motions are granted in their entirety.[1] The parties are aware of the facts and procedural history of this case.

---

[1] Following oral argument, Plaintiff submitted several declarations and sworn affidavits in each of these matters. The Court has reviewed these submissions and has determined that they do not have any relevance to this decision, and in any event, would not change the outcome of the decision.

Thus, the Court limits its recitation of the facts to those necessary to the resolution of this motion.

## I.   *Carl A. Wescott v. Bernard Moon, et al.*, C.A. No. N21C-06-197 (MAA)

### A.   *Waiver*

On April 8, 2022, the Court, in a ruling, instructed Plaintiff that if he failed to address any claim in his answering brief, then Plaintiff has waived the claim.[2] This is consistent with Delaware courts' prior holdings that "issues not briefed are deemed waived."[3]

Plaintiff failed to respond to Defendants' arguments on claims of negligent misrepresentation (Count IV), breach of the implied covenant of good faith and fair dealing (Count V), and negligence (Count VI) in his answering brief. Those claims are, therefore, waived.

### B.   *The Court Lacks Subject Matter Jurisdiction over Plaintiff's Claims*

Plaintiff's claims for misappropriation of partnership opportunity and request for accounting (Count VIII) are dismissed for lack of subject matter jurisdiction. Such claims are equitable causes of action for which this Court lacks subject matter jurisdiction.[4] Although an accounting does not automatically confer equitable

---

[2]   *See* Dkt. 49.

[3]   *Emerald Partners v. Berlin*, 726 A.2d 1215, 1224 (Del. 1999); *see also Murphy v. State*, 632 A.2d 1150 (Del 1993).

[4]   *Prospect St. Energy, LLC v. Bhargava*, 2016 WL 446202, at *4 (Del. Super. Jan. 27, 2016).

jurisdiction, where, as here, the accounting request involves an alleged fiduciary relationship, the claim sounds in equity for which this Court lacks subject matter jurisdiction.[5]

### C. *The Court Lacks Personal Jurisdiction over the Individual Defendants*

Plaintiff's claims against the individual defendants are dismissed because this Court does not have personal jurisdiction over them. When personal jurisdiction is challenged, the plaintiff bears the burden of showing a basis for the court's exercise of jurisdiction over the nonresident defendant. While the facts are "viewed in the light most favorable to the plaintiff… a plaintiff must plead specific facts and cannot rely on mere conclusions."[6] Here, Defendants Bernard Moon, Jimmy Kim, Hanjo Lee, Jay McCarthy, and Frank Meehan, (collectively, "Individual Defendants") are nonresidents of Delaware. For the Court to have personal jurisdiction over a nonresident, there must be a statutory basis for service, and personal jurisdiction must comport with the due process clause of the fourteenth amendment.[7]

Here, there is neither a statutory nor constitutional basis for personal jurisdiction over the Individual Defendants. There is a statutory basis for service of process over managers of a Delaware-incorporated limited liability company

---

[5] *Webster v. Brosman*, 2019 WL 5579489, at *3 (Del. Super. Oct. 29, 2019) (citing *Bhargava*, 2016 WL 446202, at *8).

[6] *Mobile Diagnostic Grp. Holdings, LLC v. Suer*, 972 A.2d 799, 802 (Del. Ch. 2009) (internal citation omitted).

[7] *LaNuova D & B, S.p.A. v. Bowe Co.*, 513 A.2d 764, 768-69 (Del. 1986).

3

pursuant to 6 *Del. C.* § 18-109. Defendants SparkLabs Global Ventures Management, LLC and SparkLabs Management, LLC (collectively, "Defendant LLCs") are limited liability companies incorporated in Delaware. Plaintiff attempts to secure personal jurisdiction by a lone allegation that the individual defendants were "managing shareholders" of the LLC defendants. Plaintiff's allegations are based on conclusory statements insufficient to support a reasonable inference that the Individual Defendants participated materially in the management of the Defendant LLCs, and therefore fail.

Even accepting Plaintiff's conclusory statement as true, to confer personal jurisdiction pursuant to 6 *Del. C.* § 18-109, the action must involve the Delaware limited liability company. Here, Plaintiff's claims do not involve the Defendant LLCs. Plaintiff's allegations all focus on an alleged partnership agreement pursuant to a Cayman Islands entity, Lyft Special Purpose Vehicle General Partnership ("Lyft SPV GP"). Plaintiff attempts to obtain personal jurisdiction by alleging that Lyft SPV GP commingled funds with Defendant LLCs. This is a conclusory allegation lacking any factual support and, therefore, cannot serve as a basis to subject the Individual Defendants to Delaware's jurisdiction.

Even if there was a statutory basis for personal jurisdiction, exercise of personal jurisdiction would violate the due process clause of the United States

4

Constitution because Plaintiff has failed to plead, let alone establish, that the Individual Defendants have the requisite minimum contacts with Delaware.

Therefore, Plaintiff's claims against Individual Defendants are dismissed for lack of personal jurisdiction.

D. *The Amended Complaint Fails to State a Claim upon which Relief can be Granted*

Plaintiff's remaining claims are dismissed with prejudice pursuant to Superior Court Civil Rule 12(b)(6) for failure to state a claim. Plaintiff's remaining claims for breach of fiduciary duty (Count VII),[8] breach of contract (Count I), promissory fraud (Count II), and promissory estoppel (Count III) are dismissed because Plaintiff does not allege any conduct by Defendant LLCs to satisfy the elements of the aforementioned claims. The facts of Plaintiff's Complaint only reference conduct by the Individual Defendants, who are dismissed for lack of personal jurisdiction, and Lyft SPV GP, a Cayman entity that is not a party to this action. The Court has given the Plaintiff a fair opportunity to amend his Complaint and state a claim for relief. Even in his Amended Complaint, Plaintiff has failed to plead sufficient facts to state a claim against Defendant LLCs and his Complaint must be dismissed.

---

[8] Though titled as a breach of fiduciary duty claim, Count VII of Plaintiff's Complaint is substantively a breach of contract claim. The Court, therefore, has subject matter jurisdiction over the claim but dismisses it under Civil Rule 12(b)(6).

**II.** *Carl A. Wescott v. SparkLabs Global Ventures Management*, **C.A. No. N21C-06-198**

### A. *Waiver*

Plaintiff did not respond to Defendants' arguments regarding Plaintiff's aiding and abetting fraud (Count IV) and aiding and abetting breach of fiduciary duty (Count VI) claims in his responding brief. Plaintiff, therefore, waives these claims pursuant to the Court's ruling on April 8, 2022.

### B. *The Court Lacks Subject Matter Jurisdiction over Plaintiff's Claims*

Plaintiff's negligent misrepresentation claim (Count II) is dismissed for lack of subject matter jurisdiction. The Court of Chancery has exclusive jurisdiction over a claim alleging negligent misrepresentation.[9] It is well-settled that this Court does not have subject matter jurisdiction over such equitable causes of action.

### C. *Plaintiff's Claims are Barred by the Statute of Limitations*

Plaintiff's duplicative claims of wage theft (both labeled as "Count I") are barred by the statute of limitations. A claim for wages is subject to 10 *Del. C.* § 8111's one-year statute of limitations. Plaintiff's wage theft claims are for unpaid salary as of July 4, 2019, Plaintiff's last day of work. Plaintiff filed his Complaint on June 23, 2021, after the one-year statute of limitations expired. His claim is therefore barred.

---

[9] *White v. APP Pharms., LLC*, 2011 WL 2176151, at \*5 (Del. Super. Apr. 7, 2011).

D.    *The Amended Complaint Fails to State a Claim upon which Relief can be Granted*

Plaintiff's remaining claims against Defendant SparkLabs Global Ventures Management, LLC for common law fraud (Count III), tortious interference with contract (Count VII), tortious interference with advantageous business relations (Count VIII), unjust enrichment (Count IX), and breach of the covenant of good faith and fair dealing (Count X) are dismissed with prejudice pursuant to Superior Court Civil Rule 12(b)(6).

Nothing in Plaintiff's Amended Complaint for common law fraud adequately alleges that Defendant made a false representation to Plaintiff. Plaintiff also fails to sufficiently allege that he acted in justifiable reliance on that representation. Superior Court Civil Rule 9(b) further requires that allegations of fraud be stated with particularity and must contain facts providing notice of the fraudulent acts.[10] Plaintiff does not allege the *prima facie* elements of a common law fraud claim, much less state such a claim with particularity. The claim is, therefore, dismissed pursuant to Rule 12(b)(6) for failure to state a claim.

Plaintiff's claims for tortious interference rely entirely on conclusory allegations devoid of factual support. In Plaintiff's tortious interference with contract claim, Plaintiff does not adequately allege the existence of a contract or any

---

[10]    Super. Ct Civ. R. 9(b); *see Hiller & Arban, LLC v. Rsrvs. Mgmt., LLC*, 2016 WL 3678544, at \*4 (Del. Super. July 1, 2016).

act by the Defendant that interfered with an alleged contract. In his tortious interference with advantageous business relations claim, Plaintiff fails to allege the reasonable probability of a business opportunity or identify a party who was prepared to enter into a business relationship but was dissuaded from doing so. Both of Plaintiff's tortious interference claims, therefore, fail.

Plaintiff's unjust enrichment claim fails for similar reasons. Not only are Plaintiff's allegations conclusory, but Plaintiff also fails to articulate how he benefitted the Defendant. Rather, Plaintiff's Amended Complaint discusses his work for companies and individuals other than the Defendant named in this action.

Finally, Plaintiff fails to allege adequately an implied covenant of good faith and fair dealing claim. Plaintiff's conclusory allegations do not establish that any contract exists. Even if a contract existed, Plaintiff has not alleged an implied obligation for the Court to recognize a breach of the implied covenant of good faith and fair dealing claim.

## III. *Carl A. Wescott v. Scott Sorochak and SparkLabs Foundry, Inc.*, C.A. No. N21C-06-199

A. *Waiver*

Plaintiff did not respond to Defendants' arguments regarding Plaintiff's violation of the Delaware Whistleblower's Protection Act claim (Count V) in his responding brief. Plaintiff, therefore, waives these claims pursuant to the Court's ruling on April 8, 2022.

8

B.     *The Court Lacks Subject Matter Jurisdiction over Plaintiff's Claims*

Plaintiff's breach of fiduciary duty claim for misappropriation (Count III) is dismissed because this Court lacks subject matter jurisdiction over breach of fiduciary duty claims.

C.     *The Amended Complaint Fails to State a Claim upon which Relief can be Granted*

Plaintiff's remaining claims are dismissed with prejudice pursuant to Superior Court Civil Rule 12(b)(6). Plaintiff's unjust enrichment claim (Count I) does not adequately allege specific facts to support the claim. The alleged enrichment and impoverishment do not go beyond conclusory language, nor is it clear how the particular Defendants named in this action benefitted from Plaintiff. Similarly, Plaintiff's conclusory allegations fall short of making a prima facie case for breach of the implied covenant of good faith and fair dealing (Count IV).

Plaintiff was provided a fair opportunity to amend his original Complaint and correct any deficiencies. Plaintiff's Amended Complaint still does not set forth an actionable claim. Plaintiff's Amended Complaint is therefore dismissed.

**IT IS SO ORDERED.**

_____
Meghan A. Adams, Judge

cc:     Prothonotary

9