IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| CALEB RAVIN,[1] | § |
| | § No. 233, 2024 |
| Respondent Below, | § |
| Appellant, | § Court Below—Family Court |
| | § of the State of Delaware |
| v. | § |
| | § File No. CN19-03084 |
| JANE UNDERHILL/DIVISION OF | § Petition No. 20-25049 |
| CHILD SUPPORT SERVICES, | § |
| | § |
| Petitioner Below, | § |
| Appellee. | § |

Submitted: December 6, 2024
Decided: February 13, 2025

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## ORDER

Upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1)     The respondent below-appellant, Caleb Ravin ("Father"), filed this appeal from the Family Court's order affirming the Commissioner's award of child support. For the reasons set forth below, this Court affirms the Family Court's judgment.

(2)     Father and the respondent below-appellee, Jane Underhill ("Mother"), are the parents of a child born in 2018. On November 16, 2020, the Division of

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

Child Support Services ("DCSS") filed, on behalf of Mother, a petition for child support. After the summons was returned as not deliverable to Father's address, Mother filed a motion on September 14, 2021 for a special process server because service of process upon Father had been unsuccessful. On September 16, 2021, the Family Court granted the motion.

(3) Shortly thereafter Father filed an objection to the petition for child support. In the objection, he stated that he was making a special appearance, he had never received the petition for child support, and he objected to child support. On May 31, 2022, Mother filed another motion for a special process server because service of process upon Father continued to be unsuccessful. The Family Court granted the petition. On May 10, 2023, Mother again filed a motion for appointment of special process server. The Family Court ruled that the motion was moot because the previous motion had been granted. According to the Family Court docket, the summons and petition were served on June 26, 2023.

(4) On January 29, 2024, a Family Court Commissioner held a hearing on the petition for child support. Father purported to make a special appearance at the hearing and refused to answer any questions. He argued that the summons and other court papers were defective, the Family Court lacked jurisdiction, the Commissioner had no authority over the matter, and the petition should be dismissed based on

2

DCSS's lack of standing. The Commissioner rejected Father's arguments and awarded monthly child support of $720, plus $100 per month in arrears.

(5) Father requested review of the Commissioner's order. He objected that he never signed anything acknowledging paternity, the summons and other papers were defective, the Family Court lacked jurisdiction, the Commissioner had no authority, and DCSS lacked standing. The Family Court concluded that Father's objections were without merit and affirmed the Commissioner's award of child support. This appeal followed.

(6) This Court's review of a Family Court order, including the Family Court's review of a Commissioner's order, extends to a review of the facts and the law, as well as to the inferences and deductions made by the judge.[2] We review issues of law *de novo*.[3] If the Family Court has correctly applied the law, our standard of review is abuse of discretion.[4]

(7) Father's arguments on appeal may be summarized as follows: (i) the child support orders must be vacated because the summons and petition did not comply with the rules of civil procedure; (ii) he was not subject to personal jurisdiction because he was not properly served; (iii) DCSS lacked standing to file

---

[2] *Kraft v. Mason*, 2010 WL 5341918, at *2 (Del. Dec. 20, 2010) (citing *Solis v. Tea*, 468 A.2d 1276, 1279 (Del. 1983)).
[3] *In re Heller*, 669 A.2d 25, 29 (Del. 1995).
[4] *Jones v. Lang*, 591 A.2d 185, 187 (Del. 1991).

3

the petition; and (iv) he is entitled to injunctive relief from the deduction of child support from his wages because DCSS sent invalid income withholding forms. Father has waived appellate review of claims he raised in the Family Court but did not argue on appeal.[5]

(8) Relying on language in the Civil Rules Governing the Court of Common Pleas ("Common Pleas Civil Rules") that he describing as mirroring the Family Court Rules of Civil Procedure ("Family Court Civil Rules"), Father argues that the summons and petition did not comply with Rule 4 and therefore the child support orders must be vacated. He claims that the summons lacked the clerk's signature and seal of the court, the petition did not contain the name and address of the petitioner's attorney or the petitioner's address, and the summons was not served within 120 days of the filing of the petition. This argument lacks merit.

(9) Family Court Civil Rule 4 is similar, but not identical to Rule 4 of the Common Pleas Civil Rules. As required by Rule 4(b) of the Family Court Civil Rules, the summons contained the date of issuance, the name of the court, the names of the parties, and the name of the person it was directed to. The summons also warned Father that default judgment could be entered against him if he failed to

---

[5] Supr. Ct. R. 14(b)(vi)(A)(3) ("The merits of any argument that is not raised in the body of the opening brief shall be deemed waived and will not be considered by the Court on appeal."); *Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993) (recognizing that the failure to raise a legal issue in an opening brief generally constitutes a waiver of that issue on appeal).

appear. The clerk's name in the summons is typed rather than signed, but Father fails to show how this or the alleged absence of a court seal prejudiced him. Father had notice of the child support petition and appeared for both the mediation and the child support hearing.

(10) As DCSS notes, the petition did not contain Mother's address because the Family Court had previously granted Mother's request for her address to be confidential. The petition did contain the name and address of the DCSS attorney. Finally, unlike Rule 4 of the Common Pleas Civil Rules, Rule 4 of the Family Court Rules does not require service of a summons and petition within 120 days of the filing of the petition. The record reflects that Mother repeatedly took steps to try and achieve service of the petition upon Father. Father has not shown that the Family Court committed reversible error in rejecting his claims concerning the form of the summons and petition.

(11) In addition to challenging the form of the summons and petition, Father argues that the Family Court could not exercise personal jurisdiction over him because the summons and petition were left on his doorstep. The "method of obtaining *in personam* jurisdiction over a party must comport with due process," which "requires that a party be given 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford

5

them an opportunity to present their objections.'"[6] Section 1065 of Title 10 provides that the Family Court may acquire personal jurisdictional jurisdiction over a party by transmitting the summons and petition to the party through personal service, leaving a copy at the party's dwelling with a person of suitable age, mail, as prescribed by court rule, or in a manner directed by the court if other methods of service have failed.[7] Rule 4 of the Family Court Rules provides that service may be accomplished through delivery of the summons and petition to the respondent personally or leaving a copy "at the respondent's dwelling or usual place of abode with some person of suitable age and discretion residing therein."[8]

(12) The Family Court rejected Father's objections, finding that he was clearly on notice of the proceedings. Father, who did not dispute that he resided in Delaware, had been aware of the child support petition since September 2021 and admitted to receipt of the summons and petition in 2023. He appeared for mediation. He also appeared at the child support hearing with the summons and petition. The parties have been litigating matters relating to their child in the Family Court for years.[9] Under these circumstances, we conclude that the Family Court did not err in finding that Father was properly served and subject to personal jurisdiction.

---

[6] *Powell v. Powell*, 1986 WL 17839, at *2 (Del. Oct. 3, 1986) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950)).
[7] 10 *Del. C.* § 1065(a).
[8] Fam. Ct. Civ. Proc. R. 4(d)(1).
[9] *See, e.g., Ravin v. Underhill*, 2022 WL 1146406, at *1 (Del. Apr. 18, 2022) (affirming the Family Court's August 2021 decision granting sole custody and primary residence of the child to Mother).

(13)    Father next contends that the Family Court should have granted his oral request for dismissal of the child support petition because DCSS lacked standing to prepare and pursue the petition on Mother's behalf.  He is mistaken.  DCSS has the authority "to provide all services required or authorized by Title IV-D of the Social Security Act (42 U.S.C. § 651 et seq.), including…*establishment of child support and medical support obligations*, review and adjustment of child support orders, enforcement of child support, spousal support and medical support orders, and collection and disbursement of child support payments."[10]

(14)    None of the cases cited by Father support his position that DCSS lacked standing.  In *Blessing v. Freestone*, for example, the United States Supreme Court held that Title IV-D of the of the Social Security Act "does not give individuals a federal right to force a state agency to substantially comply with Title IV–D."[11]  Similarly, in *Wehunt v. Ledbetter*, the Court of Appeals for the Eleventh Circuit held that individuals could not sue officials under 42 U.S.C. 1983 for violations of Title IV-D.[12]  And in *Holmberg v. Holmberg*, the Minnesota Court of Appeals held that Minnesota's administrative child support process violated the separation of powers

---

[10] 13 *Del. C.* § 2203(a) (emphasis added).
[11] 520 U.S. 329, 333 (1997).
[12] *Wehunt v. Ledbetter*, 875 F.2d 1558, 1563-66 (11th Cir. 1989).

doctrine because it infringed upon the jurisdiction of district courts.[13]  The Family Court did not err in denying Father's request for dismissal of the petition.

(15)  Finally, Father argues that DCSS sent invalid income withholding orders to his employers.  He did not raise this claim in the Family Court so we review for plain error.[14]  Plain error is error that is "so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process."[15]  Contrary to Father's contentions, the income withholding orders were authorized by statute and the child support order.[16]  He has not shown plain error.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[13] *Homberg v. Holmberg*, 578 M.W.2d 817,  (Minn. Ct. App. 1998), *aff'd*, 588 N.W.2d 720 (Minn. 1999).

[14] Supr. Ct. R. 8 ("Only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented.").

[15] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).

[16] 13 *Del. C.* § 513(b)(8) (requiring the employer to deduct the specified child support upon receipt of an income withholding order from the court or DCSS); 13 *Del. C.* § 2205(a)(7) (authorizing DCSS to order income withholding); Permanent Support Order ¶ 5 (Del. Fam. Ct. Feb. 14, 2024) (ordering income attachment).