IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KIMBERLY LETKE, | § | |
| | § | No. 215, 2024 |
| Plaintiff Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. Nos. S23-02-019 & |
| MATTHEW SPRENKLE, CPL. | § | S23C-10-002 |
| TYLER BEULTER, and | § | |
| ATTORNEY GENERAL | § | |
| KATHLEEN JENNINGS, | § | |
| | § | |
| Defendants Below, | § | |
| Appellees. | § | |


Submitted:  November 22, 2024
Decided:    February 3, 2025

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## <u>ORDER</u>

Upon consideration of the parties' briefs and record on appeal, it appears to the Court that:

(1)    The appellant, Kimberly Letke, appeals from the Superior Court's dismissal of her complaints against the appellees, Matthew Sprenkle, Corporal Tyler Beulter, and Attorney General Kathleen Jennings.  For the reasons discussed below, we affirm the Superior Court's judgment.

(2)     On the morning of November 7, 2022, Letke saw a hunter, Matthew Sprenkle, crossing her neighbor's property to go into Cape Henlopen State Park.[1] She yelled that he was trespassing and could not hunt in the area. She also photographed him returning to his truck with a wheelbarrow that contained a dead deer and loading the deer into his truck. Letke called 911 to report the trespasser.

(3)     When Corporal Beulter of the Delaware Natural Resources Police responded to the 911 call later that day, Letke told him what she had seen and showed him the photographs that she had taken. She also stated that she had yelled at Sprenkle while he was hunting. Letke's neighbor told Corporal Beulter that he did not want anyone to get in trouble for crossing his property to access the park for hunting and would prefer for the hunter to be verbally warned not to do it again.

(4)     Corporal Beulter spoke to Sprenkle, who said that Letke had yelled at him that he was breaking the law and could not hunt while he was hunting in the designated area of the park. She continued to yell these statements as she walked into the designated hunting area. Sprenkle complained that Letke interfered with his ability to harvest the deer he had shot. According to Sprenkle, Letke had also positioned her car in an attempt to block his truck from leaving the area.

---

[1] The facts are drawn from the complaints, documents integral to or incorporated by reference in the complaints, including the police report and affidavit of probable cause, and the Superior Court's May 6, 2024 decision. *Letke v. Sprenkle*, 2024 WL 1994848 (Del. Super. Ct. May 6, 2024).

(5)     Corporal Beulter prepared an affidavit of probable cause for an arrest warrant charging Letke with wilful obstruction or impeding lawful hunting in violation of 7 *Del. C.* § 724 (a class B environmental misdemeanor).  After a Justice of the Peace Court Magistrate approved the warrant application, Corporal Beulter arrested Letke.  The State later entered a *nolle prosequi*.

(6)     On February 15, 2023, Letke filed a complaint against Sprenkle in C.A. No. S23C-02-019.  The complaint contained two counts—one for defamation and one for malicious prosecution—based on Letke's allegations that Sprenkle made false statements to Corporal Beulter.  On October 3, 2023, Letke filed a complaint against Sprenkle, Corporal Beulter, and Attorney General Kathleen Jennings in C.A. No. S23C-10-002.  This complaint also contained two counts—one for defamation and false statements and one for malicious prosecution and false arrest/unlawful detention.  Letke alleged that Sprenkle made false statements to Corporal Beulter, Corporal Beulter knew Sprenkle's statements were false but still relied upon them to obtain a warrant and arrest Letke, and Attorney General Jennings signed the false charging documents against Letke.[2]  Neither complaint referred to 42 U.S.C. § 1983,

---

[2] Letke also filed a complaint, based on the same incident, against these defendants and the Delaware Recreational Park Police in the United States District Court for the District of Delaware. The District Court dismissed the complaint in May 2024. *Letke v. Jennings*, 2024 WL 2390863 (D. Del. May 23, 2024).

3

but Letke did allege violations of the United States Constitution. On February 13, 2024, the Superior Court consolidated the cases.

(7) Corporal Beulter and Attorney General Jennings moved to dismiss. Sprenkle answered the complaints and moved for judgment on the pleadings. Letke then moved for judgment on the pleadings.

(8) During the hearing on the parties' motions, Letke consented to dismissal of her claims against Attorney General Jennings. She also stated that her only claim against Sprenkle was for defamation. The Superior Court granted Sprenkle's motion for judgment on the pleadings as to defamation and reserved decision on the motion to dismiss as to Corporal Beulter. On May 8, 2024, the Superior Court issued a decision granting the motion to dismiss as to Corporal Beulter.[3] The court found that the doctrine of sovereign immunity and the State Tort Claims Act ("STCA") barred Letke's claims against Corporal Beulter.[4] This appeal followed.

(9) Letke argues that the Superior Court erred in: (i) holding that Attorney General Jennings had immunity; (ii) concluding that sovereign immunity and the STCA barred her claims against Corporal Beulter; (iii) dismissing her claims against Corporal Beulter; and (iv) awarding attorneys' fees. She does not challenge the

---

[3] *Letke*, 2024 WL 1994848.
[4] *Id.* at *1-2.

Superior Court's handling of her claims against Sprenkle and has therefore waived those claims.[5]

(10) We review the trial court's dismissal of a complaint *de novo*.[6] In arguing that the Superior Court should not have dismissed her claims against Attorney General Jennings, Letke ignores that she consented to dismissal of Attorney General Jennings during the hearing on the motion to dismiss. In addition, as the Superior Court explained to Letke during the hearing, the Attorney General has absolute immunity for "all civil claims or causes of action founded upon an act or omission arising out of the performance of an official duty."[7] Because Letke's claims were based on Attorney General Jennings' acts or omissions in the performance of her official duties—namely, signing the charging documents against Letke and not responding to Letke's demand that the charge be dropped—Attorney General Jennings had absolute immunity under state law and "under federal law with respect to actions initiated under 42 U.S.C. § 1983."[8]

---

[5] Supr. Ct. R. 14(b)(vi)(A)(3) ("The merits of any argument that is not raised in the body of the opening brief shall be deemed waived and will not be considered by the Court on appeal."); *Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993) (recognizing that the failure to raise a legal issue in an opening brief generally constitutes a waiver of that issue on appeal).

[6] *Greenfield as Next Friend for Ford v. Miles*, 211 A.3d 1087, 1096 (Del. 2019).

[7] 10 *Del. C.* § 4001. *See also Vick v. Haller*, 1986 WL 17348 (Del. Aug. 22, 1986) (affirming the Superior Court's dismissal of a criminal defendant's civil action against the judge who presided over his criminal trial and the prosecutor based on their absolute immunity under Section 4001).

[8] *Weber v. Oberly*, 1989 WL 160442, at *1 (Del. Dec. 26, 1989) (citing *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976)).

(11)   As to Corporal Beulter, Letke contends that the Superior Court erred in dismissing her claims against him on the basis of sovereign immunity and the STCA.  "[T]he doctrine of sovereign immunity provides that neither the State nor a State agency can be sued without its consent," but the General Assembly "can waive sovereign immunity by an Act that clearly evidences an intent to do so."[9]  To overcome the bar of sovereign immunity, a plaintiff must show that: "(1) the State has waived the defense of sovereign immunity for the actions mentioned in the Complaint; and (2) the State Tort Claims Act does not bar the action."[10]  The State's procurement of insurance constitutes a waiver of sovereign immunity,[11] but the State submitted an affidavit of no-insurance coverage for the acts complained of in Letke's complaint.

(12)   Even assuming the Superior Court erred in extending sovereign immunity to Corporal Beulter or finding that the State had not waived sovereign immunity based on an affidavit of no-insurance submitted with a motion to dismiss, Letke failed to show that Corporal Beulter was not entitled to immunity under the STCA.  Under the STCA, a State employee is immune when the act or omission complained of: (i) arose in connection with the performance of an official discretionary duty; (ii) was done in good faith; and (iii) was done without gross or

[9] *Pauley v. Reinoehl*, 848 A.2d 569, 573 (Del. 2004).
[10] *Id.*
[11] 18 *Del. C.* § 6511.

wanton negligence.[12]  Letke had the burden of pleading the absence of one or more of these elements.[13]

(13)  In responding to and investigating Letke's complaint concerning Sprenkle, preparing an affidavit to obtain a warrant for Letke's arrest, and arresting Letke, Corporate Beulter was performing official duties involving the exercise of discretion.  Letke did not plead otherwise.

(14)  Nor did Letke plead that Corporal Beulter acted in bad faith or with gross negligence when he arrested her for violating 7 *Del. C.* § 724.  Section 724 provides that no one "shall wilfully obstruct or impede the participation of any individual in…[t]he lawful hunting of any game birds or animals."[14]  Letke alleged that Sprenkle could not have engaged in lawful hunting because he crossed her neighbor's property to go into the designated hunting area where he killed the deer,[15] but failed to plead how Corporal Beulter acted in bad faith or with gross negligence in determining otherwise.

(15)  Letke also alleged that Corporal Beulter relied on Sprenkle's false statement that she obstructed his harvesting of a deer to arrest her for violating Section 724, even though he knew Sprenkle had killed a deer and therefore had to

---

[12] 10 *Del. C.* § 4001.
[13] *Browne v. Robb*, 583 A.2d 949, 951 (Del. 1990).
[14] 7 *Del. C.* § 724(a)(2).
[15] "Hunting…while trespassing upon the property upon private lands of another person…shall not be considered lawful hunting."  *Id.* § 724(c).

know Letke did not violate Section 724.  Contrary to Letke's belief, Section 724 is not limited to obstructing or impeding a hunter's killing of a wild animal.  "Hunt" is defined more broadly as to "chase, pursue, kill, trap or take or attempt to chase, pursue, kill, trap or take any form of wild bird or wild animal."[16]  As the Superior Court also noted during oral argument, harvesting could encompass a hunter collecting the carcass of a deer he had killed and transporting it to a vehicle as Sprenkle did here.  In light of the language of Section 724 and the statements of Letke and Sprenkle, Letke failed to plead that Corporal Beulter acted in bad faith or with gross negligence.  The Superior Court did not err in concluding that the STCA barred Letke's claims against Corporal Beulter.

(16)  Given our affirmance of the Superior Court's STCA findings, it is unnecessary to address Letke's arguments concerning the merits of her state law claims against Corporal Beulter.  To the extent Letke asserted a claim against Corporal Beulter under 42 U.S.C. § 1983, she failed to state a claim because, as the District Court found in considering a similar claim she filed against him there, "[h]er allegations, accepted as true, indicate that there was probable cause to believe that she had violated the state law in question by willfully obstructing or impeding lawful hunting.[17]  Finally, it is unnecessary to address Letke's argument that the Superior

---

[16] *Id.* § 101(3).
[17] *Letke*, 2024 WL 2390863, at *3.

8

Court erred in awarding attorneys' fees to the defendants because there is no indication in the record that the Superior Court awarded attorneys' fees to any of the parties.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:


*/s/ N. Christopher Griffiths*
Justice

9